[No. 19052.   In Bank. — December 28, 1892.]

NAT KENNEDY, APPELLANT, v. THE CALIFORNIA
SAVINGS BANK ET AL., DEFENDANTS.   S. G. HAV-
ERMALE, RESPONDENT.

| 97 | 93 |
|---|---|
| 111 | 71 |
| 97 | 93 |
| 119 | 530 |
| 97 | 93 |
| 120 | 411 |
| 120 | 412 |
| 97 | 93 |
| e137 | 419 |
| 97 | 93 |
| e139 | 406 |

CORPORATIONS — ACTION AGAINST STOCKHOLDER — ATTACHMENT — CON-
TRACT. — An action against a stockholder of a corporation to recover his
proportion of a debt of the corporation is an action upon a contract,
within the meaning of section 537 of the Code of Civil Procedure, rela-
tive to attachment.

ID. — STOCKHOLDER'S LIABILITY — CONSTRUCTION OF CONSTITUTION — AGENCY
OF CORPORATION FOR STOCKHOLDERS. — The legal effect of the condition
prescribed by section 3 of article XII. of the constitution of this state,
regulating the individual liability of stockholders for debts contracted
and liabilities incurred by the corporation, is, that a corporation when
created becomes the agent of its stockholders to make such contracts and
incur such liabilities as are authorized by law and its articles of incorpo-
ration, and the contracts which it thus makes bind the stockholders to
the extent named.

ID. — JOINT ACTION — WRIT OF ATTACHMENT — AMOUNT IN EXCESS OF DE-
MAND AGAINST STOCKHOLDER — DISCHARGE OF WRIT. — Where the com-
plaint demands different amounts from the several stockholders of a
corporation, who are jointly sued as co-defendants with the corporation,
a writ of attachment issued thereon must conform to the complaint and
direct the attachment of so much property of the respective defendants
as will secure the amount alleged to be due from each. If the writ is
issued against the property of any defendant for an amount exceeding
the demand made against him in the complaint, the writ must be dis-
charged as to such defendant, on his motion, even though no more of his
property is attached than is sufficient to satisfy the demand against him.

APPEAL from an order of the Superior Court of San
Diego County dissolving an attachment.

The facts are stated in the opinion of the court.

*William H. Fuller, Works & Works,* and *Works, Gibson
& Titus,* for Appellant.

The stockholder's liability is upon a contract, within
the meaning of section 537 of the Code of Civil Proce-
dure. (*Dennis* v. *Superior Court,* 91 Cal. 548; *Mokelumne
Hill etc. Co.* v. *Woodbury,* 14 Cal. 265; *Davidson* v. *Rankin,*
34 Cal. 504; *Mitchell* v. *Beckman,* 64 Cal. 119, 122; *Prince*
v. *Lynch,* 38 Cal. 528, 532; 99 Am. Dec. 427, 433; *Young*
v. *Rosenbaum,* 39 Cal. 646.   See also *Thompson* v. *Reno*

*Sav. Bank,* 3 Am. St. Rep. 846; *Corning* v. *McCullough,*
1 N. Y. 47; 49 Am. Dec. 307, 308, 310; *Story* v. *Fur-
man,* 25 N. Y. 215, 222; *Norris* v. *Wrenschall,* 34 Mᵈ.
492; *Hawthorne* v. *Calef,* 2 Wall. 10, 21; *Carrol* v.
*Green,* 92 U. S. 509; *Moss* v. *Averell,* 10 N. Y. 449,
458; *Erickson* v. *Nesmith,* 46 N. H. 371; *Flash* v. *Conn,*
109 U. S. 371; *Allen* v. *Sewall,* 2 Wend. 327, 338; 2
Morawetz on Private Corporations, secs. 872, 873, .878;
*Brown* v. *Hitchcock,* 36 Ohio St. 667, 676; *Lowry* v. *In-
man,* 46 N. Y. 119, 125; Thompson on Liability of
Stockholders, secs. 25–45; Cook on Stocks and Stock-
holders, 221, 223, 242; *Ochiltree* v. *Railroad Co.,* 21
Wall. 251; *Moss* v. *Oakley,* 2 Hill, 265, 269; *Harger* v.
*McCullough,* 2 Denio, 119, 123; *Coleman* v. *White,* 14
Wis. 702; 80 Am. Dec. 797; *Middletown Bank* v. *Magill*
5 Conn. 28, 44; *Southmayd* v. *Russ,* 3 Conn. 52, 55; *Hager*
v. *Cleveland,* 36 Md. 476, 491; *Deming* v. *Bull,* 10 Conn.
409, 413; *Conklin* v. *Furman,* 8 Abb. Pr., N. S., 161, 165;
*Witherhead* v. *Allen,* 28 Barb. 661, 667; Angell and Ames
on Corporations, sec. 611.)   The writ of attachment was
issued in strict conformity to law. (Code Civ. Proc.,
sec. 540.)

*Wellborn, Stevens & Wellborn,* and *Sprigg & Barber,* for
Respondent.

The stockholder's liability is a liability created by
statute, and the action is therefore not one upon a con-
tract, within the meaning of section 537 of the Code of
Civil Procedure. (*Green* v. *Beckman,* 59 Cal. 545; *Moore*
v. *Boyd,* 74 Cal. 171; *Hyman* v. *Coleman,* 82 Cal. 653; 16
Am. St. Rep. 178.) The writ of attachment is void, as it
does not state the amount shown to be due from the de-
fendant, in conformity with the complaint. (*Bowers* v.
*Bank,* 3 Utah, 417.)

DE HAVEN, J. — This is an appeal from an order dis-
solving an attachment. The action is upon certificates
of deposit issued to plaintiff by the defendant the Cal-
ifornia Savings Bank, a corporation in which the other

defendants are the stockholders, and the relief demanded is for a judgment for the amount of money represented by such certificates, and against each of the defendants for the proportionate part thereof for which he is liable as a stockholder.

The motion to dissolve the attachment was made by the defendant Havermale alone, and was upon these grounds: 1. That said action is upon a statutory liability, and not upon a contract; 2. That the writ of attachment, in its statement of plaintiff's demand against him, is not in conformity with the complaint.

These grounds are widely different, the first going to the right of the plaintiff to any attachment in the action, and the last relating only to an irregularity in the writ itself which could be avoided by the issuance of another, and unless it was the intention of the court to sustain the motion upon the first ground, it should have specified in the order granting the same that it was based upon the latter ground alone, thus leaving the plaintiff free to take the proper steps in the action to procure the issuance of a writ conforming to the complaint. The order of the court was general, and it is therefore necessary to examine both grounds of the motion, in order to fully dispose of all questions affecting the right of the plaintiff to an attachment in the action.

1. The first ground stated in the motion presents the question whether an action against a stockholder for his proportion of the debt of a corporation of which he is a member is upon a contract, within the meaning of section 537 of the Code of Civil Procedure, relative to attachment; and that it is such an action, we entertain no doubt. In a general sense, the action is founded upon a contract, and it is none the less so because under the provisions of section 3 of article XII. of the constitution of this state and section 322 of the Civil Code the stockholder is made liable to perform the contract in part. The constitution, in the section above referred to, declares: —

"Sec. 3.   Each stockholder of a corporation or joint-

stock association shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred, during the time he was a stockholder, as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock, or shares of the corporation or association."

This section prescribes the terms upon which individuals are permitted to transact business through the medium of a corporation, and the necessary legal effect of the conditions thus prescribed is, that a corporation when created becomes the agent of its stockholders to make such contracts and incur such liabilities as are authorized by law and its articles of incorporation, and the contracts which it thus makes bind the stockholders to the extent named. As said by the supreme court of Ohio, in *Brown* v. *Hitchcock*, 36 Ohio St. 678: "The corporation itself is a mere legal entity, existing only in legal contemplation, and is created for the convenience and benefit of the stockholders. All its dealings are for and on their account. It can contract no debts, except under the authority, express or implied, of the stockholders, and through their corporate agents. Our constitution and laws therefore make it an essential condition to persons thus availing themselves of the instrumentality of a corporation for the transaction of business that the security of their personal liability shall attach to and attend all of the corporate liabilities."

It would seem, therefore, that an action against a stockholder to recover his proportion of the amount due upon a contract made by a corporation, which is only an agency adopted by him for the transaction of business, was essentially an action founded upon a contract. (*Norris* v. *Wrenschall*, 34 Md. 496; *Corning* v. *McCullough*, 1 N. Y. 47; *Hawthorne* v. *Calef*, 2 Wall. 10; *Dennis* v. *Superior Court*, 91 Cal. 548; Cook on Stockholders, sec. 223; *Allen* v. *Sewall*, 2 Wend. 327; *Ex parte Van Riper*, 20 Wend. 616.)

In the case of *Dennis* v. *Superior Court*, 91 Cal. 548, the question whether an action like this was one arising

upon contract was directly involved, and we there said: " We think that the personal liability of a stockholder of a corporation for his proportion of the indebtedness of the corporation is an obligation arising upon contract, within the meaning of section 112 of the Code of Civil Procedure, giving original jurisdiction to a justice's court in actions arising upon contract for the recovery of money, when the amount claimed is less than three hundred dollars."

The views here expressed are not in conflict with what was decided in *Green* v. *Beckman*, 59 Cal. 545, and the other cases following it which are relied upon and cited by defendant. In those cases the question was, whether an action like this against a stockholder was upon a statutory liability, within the meaning of section 359 of the Code of Civil Procedure, which provides that actions against directors or stockholders of a corporation to recover a penalty or forfeiture imposed, or to enforce a liability created by law, must be brought within the time there specified. The court in *Green* v. *Beckman*, 59 Cal. 545, held that it was; that the legislature must have intended the section to apply to such an action; otherwise it was meaningless, in so far as it related to actions against stockholders. The court in that case said: " The construction of section 359 of the Code of Civil Procedure is not free from difficulty. . . . . Our attention has not been called to any provision of the statute which imposes any ' penalty ' or ' forfeiture ' upon a stockholder for any act as such, and no effect can be given to the words ' liability created by law,' unless we apply it to the liability which the law imposes when one becomes a stockholder, and thus establishes the relation to the creditors of the corporation to which the law affixes the responsibility." There is no intimation in this language, nor did the court there intend to hold, that such an action might not also be regarded as based upon contract, within the general meaning of that phrase, or as used in other chapters of the Code of Civil Procedure. But the court simply held, that for the purposes of that

section, and in the connection in which they there appear, the words "liability created by law" should be construed as referring to actions, such as this, to enforce the liability of stockholders.

2. The corporation and the other defendants are jointly sued, and the complaint shows the indebtedness of the corporation to plaintiff to be forty-five thousand five hundred dollars, of which amount the defendant Havermale is only liable for one fifth. The writ of attachment recited that the action was brought to recover from the defendants forty-five thousand five hundred dollars and costs, and commanded the sheriff " to attach and safely keep all the property of said defendants, . . . . or so much thereof as may be sufficient to satisfy the plaintiff's demand as above mentioned." The question presented by the second ground of the motion to discharge the attachment is, whether this writ as thus framed was irregularly issued as to the defendant. Havermale. We think that it was, and the motion to discharge the attachment was properly granted for this reason. Section 540 of the Code of Civil Procedure provides that the writ of attachment must require the sheriff " to attach and safely keep all the property of such defendant within his county, . . . . or so much thereof as may be sufficient to satisfy the plaintiff's demand, the amount of which must be stated in conformity with the complaint," etc. In this case, as to defendant Havermale, the writ did not state the amount of plaintiff's demand against him in conformity with the complaint, but stated a very much larger sum, and by it the sheriff was directed to seize property of his sufficient to satisfy the entire amount due to plaintiff from the corporation, although he was only liable for one fifth of that amount. When the complaint demands different amounts from the several defendants in an action, the writ must conform to the complaint and direct the attachment of so much property of the respective defendants as will secure the amount alleged to be due from each. The clerk is not authorized to issue a writ of attachment against

the property of any defendant for an amount exceeding the demand which is made against such defendant in the complaint, and if he does, the writ must be discharged as to such defendant, on his motion. The law upon this point is thus very clearly stated by the supreme court of Utah, in *Bowers* v. *Bank*, 3 Utah, 417: " The statute leaves no discretion in any way as to the amount which shall be stated in the writ of attachment. It is a plain, direct, and specific instruction and direction, which the clerk has no right or authority to disregard. The process of attachment is a special statutory remedy, and in resorting to it the terms of the law conferring it must be strictly pursued. If the clerk had stated any other sum in the writ than that in conformity with the demand in the complaint, it would have been a material departure from the requirements of the statute, and would have vitiated the proceeding, and rendered it utterly void. The requirements of the statute are so plain that there is no room left for construction or speculation."

It is urged, however, that as no more of defendant Havermale's property than is sufficient to satisfy the demand against him was attached, he cannot complain, and his motion to discharge the writ should have been denied. But section 556 of the Code of Civil Procedure provides that the motion to discharge an attachment irregularly issued may be made before any actual levy under the writ, and section 558 of the same code further declares: " If upon such application it satisfactorily appears that the writ of attachment was improperly or irregularly issued, it must be discharged." Under these sections it is immaterial whether much or little, or any, property of a defendant has been actually levied upon, but the court must, upon proper application therefor, discharge the writ of attachment thus wrongfully issued.

The order in this case will therefore be affirmed, upon the second ground stated in the motion of defendant.

Order affirmed.

SHARPSTEIN, J., HARRISON, J., PATERSON, J., GA-
ROUTTE, J., and BEATTY, C. J., concurred.

McFARLAND, J., concurring. — I concur in the judg-
ment of affirmance, but I express no opinion on the
question whether or not the liability of a stockholder,
under the constitution and statute, for his proportionate
part of such debts as the corporation may afterwards in-
cur, is the result of "a contract for the direct payment
of money" made by the stockholder, within the mean-
ing of section 537 of the Code of Civil Procedure. There
has been no decision in this state holding that an at-
tachment will lie in such a case; and the opinion of the
court in *Green* v. *Beckman,* 59 Cal. 545, is rather the other
way. In *Dennis* v. *Superior Court,* 91 Cal. 548, no such
question arose or was discussed. And it is not claimed
in appellant's brief that in any case cited from other
states the direct point here involved was definitely de-
cided. An attachment is a harsh statutory process by
which the property of an alleged debtor is violently
taken away from him prior to an adjudication of the
debt, and it should be confined to cases which clearly
come within the terms of the statute; and it is not clear
to me at the present time that the liability of a stock-
holder for something that may possibly happen is within
the clause of the statute above quoted.

Rehearing denied.