[S. F. No. 300. In Bank.—November 15, 1897.]

W. J. ADAMS, Respondent, v. EMELINE WALLACE, Appellant.

GUARANTY—NOTE GIVEN TO SECURE ANOTHER—INDORSEMENT PART OF CONTRACT—PAROL EVIDENCE INADMISSIBLE—GUARANTY FOR DEFICIENCY OF MORTGAGE SECURITY.—An indorsement written upon a note at request of the maker before its execution, stating that it is given for the purpose of securing the payment of a note of the same date and amount of another person to the same payee, becomes part of the contract of the maker, though the indorsement is signed by the payee and not by the maker, and the agreement as written, taken with the admissions in the pleadings, constitute a contract of guaranty for the payment of the other note in full; and parol evidence

is inadmissible to vary the terms of the guaranty as expressed, by proof that the contract was one of guaranty only for the payment of any deficiency resulting after the sale of property mortgaged by the maker of the other note to the payee as security therefor.

Id.—ADMISSION OF GUARANTY—AVERMENT OF ANSWER.—The defendant cannot complain that the court regarded the contract between the parties as one of guaranty, as distinguished from a general contract of suretyship, where the answer pleads that the contract was one of guaranty made at the request of plaintiff, and not of the maker of the other note, whereby defendant promised and agreed with plaintiff to answer for the debt or default of such maker.

Id.—DISTINCTION BETWEEN GUARANTOR AND SURETY—EXHAUSTION OF CREDITOR'S REMEDIES AGAINST PRINCIPAL DEBTOR.—One who is a mere surety, as distinguished from a guarantor, has the right to demand that the creditor shall first apply the property of the principal debtor to the discharge of the debt; but the creditor has the right to sue a guarantor, upon default of the principal debtor, without proceeding first to realize upon other securities, or to foreclose a mortgage given by such debtor.

Id.—ACTION UPON DEBT SECURED BY MORTGAGE—CONSTRUCTION OF CODE—INDEPENDENT CONTRACT—NOTE GIVEN AS SECURITY.—An action upon a note given as security for another note, which is also secured by mortgage, is not violative of section 776 of the Code of Civil Procedure, but is an action upon an independent contract, with which the mortgagor has nothing to do, and which may be maintained against the maker of such note without foreclosure of the mortgage security.

Id.—PRINCIPAL DEBTOR AND GUARANTOR NOT JOINTLY LIABLE.—There is no privity, or mutuality, or joint liability between the principal debtor and his guarantor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

J. C. Bates, and A. N. Drown, for Appellant.

William H. Jordan, for Respondent.

HENSHAW, J.—Appeal from the judgment, the evidence being brought up for review by a bill of exceptions.

Plaintiff sued David T. Pierce and Emeline Wallace, averring the following facts: That one David T. Pierce, for a valuable consideration, made and executed to plaintiff his promissory note for the sum of eight thousand dollars, with interest at the rate

of eight per cent per annum until paid. "That, for the purpose of securing the payment of said promissory note, defendant Emeline Wallace did, upon the same day, and for a valuable consideration, make, execute and deliver to plaintiff her promissory note for the sum of eight thousand dollars, bearing interest at the rate of eight per cent per annum." Plaintiff further averred that the Pierce note, though long due, had not been paid; that plaintiff had demanded payment thereof both from Pierce and defendant Wallace, but that they refused and neglected to pay the same, or any part thereof. Plaintiff demanded judgment against the defendants for the sum due.

Defendant Emeline Wallace made answer and pleaded that the note given by Pierce to plaintiff was secured by mortgage upon certain real estate; that as a part of the transaction she executed to plaintiff her note, as a guaranty to him for the payment of any deficiency that might result after the foreclosure of the mortgage.

Before trial plaintiff dismissed his action against the defendant David T. Pierce, and proceeded against the defendant Emeline Wallace alone. Upon the trial, it was shown that the Wallace note bore an indorsement as follows: "This note is for the purpose of securing the payment of note of same date and amount of David T. Pierce to W. J. Adams." This indorsement it appears was upon the instrument at the time that the defendant signed the same, but the indorsement itself is not signed by defendant, but by plaintiff.

Plaintiff, after formal proof of the execution and nonpayment of the Pierce note, and of the above-quoted indorsement upon the Wallace note, rested his case. Defendant sought to show, in accordance with the averments of her answer, that the Pierce note was secured by a mortgage, and that her contract with plaintiff was that of a guarantor of any deficiency after foreclosure proceedings. This proof the court refused, under objection, to allow her to make, holding that the indorsement upon the back of the note constituted her contract of guaranty, and that under that contract she had bound herself for the payment of the note, and not for the payment of any deficiency which might result after the exhaustion of other security.

Appellant cannot be heard to complain that her contract with plaintiff was regarded by the court as a contract of guaranty (Civ. Code, sec. 2787), as distinguished from a general contract of surety (Civ. Code, sec. 2831), for by her answer she pleads her contract to have been one of guaranty. At the request of plaintiff, she pleads, and not of Pierce, she promised and agreed with plaintiff to answer for the debt or default of Pierce. Were she a mere surety, as distinguished from a guarantor, she would have the unquestioned right to demand that plaintiff should first apply to the discharge of the debt the property of the principal, Pierce, which had been mortgaged. (Civ. Code, secs. 2849, 2850.) Upon the other hand, if she be a guarantor for the payment of the debt upon default, then it would matter not whether there were other security for the payment of that debt; the principal creditor would have the right to prosecute his action against the guarantor without proceeding to realize upon other securities, or without going into equity to foreclose his mortgage. (*London etc. Bank v. Smith,* 101 Cal. 415; Brandt on Suretyship and Guaranty, 97; Baylies on Sureties and Guarantors, 189, 303, 304, 305.)

When it is come to consider the contract which existed between plaintiff and defendant, as disclosed by the pleadings, it is seen that the complaint does no more than to charge in the language of the written indorsement. This indorsement, put upon the instrument at defendant's request and before her execution of it, became a part of her contract. The answer, however, distinctly avers the contract to have been one of guaranty for the payment of any deficiency, and the rejected evidence of defendant went to establish these averments. The evidence upon this point was properly rejected. It was an attempt to vary by parol the clear and precise terms of a written contract. The contract as written was a guaranty for the payment of the Pierce note. The contract sought to be proved was for the payment of any deficiency resulting after sale of the mortgaged property—a contract so different from the one expressed by the writing as to need no more than the bare statement of it to show that its proof, if permitted, would have been not only to vary the writing, but absolutely to substitute another agreement for it. Defendant is not here seeking a reformation of the written contract, but stands upon her right

to make the offered proof by parol against her written agreement. This cannot be done.

The contention that the action cannot be maintained at all, as being violative of the provisions of section 776 of the Code of Civil Procedure, is not well taken. This is not an action for the collection of the Pierce debt as such, even if it be conceded that this debt was secured by mortgage. It is an action upon an independent contract of the defendant, with which Pierce had nothing to do, and which might have been entered into by the parties to it without his knowledge or against his wishes. There is no privity, or mutuality, or joint liability between the principal debtor and his guarantor. (*Bull v. Coe*, 77 Cal. 54; 11 Am. St. Rep. 235; Baylies on Sureties and Guarantors, 4; *Cole v. Watertown Merchants' Bank*, 60 Ind. 350.)

The judgment is affirmed.

Temple, J., Van Fleet, J., and Harrison, J., concurred.

Hearing in Bank denied.