FOREIGN MINES DEVELOPMENT CO., Limited, v. BOYES.

(Circuit Court, N. D. California. July 11, 1910.)

1. CORPORATIONS (§ 268*)—STOCKHOLDERS' LIABILITY—ACTION TO ENFORCE—ACTIONS—PLEADING.

In suing a stockholder on his liability, it is essential to allege the contract of the corporation out of which it arises.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1134; Dec. Dig. § 268.*]

2. ATTACHMENT (§ 11*)—SECURED DEBTS.

An action against a stockholder to enforce his proportionate liability as a stockholder on notes given by a corporation and secured by mortgage is one based on the notes so as to preclude attachment under Code Civ. Proc. Cal. § 537, providing for attachment in an action on a contract, where the same is not secured by mortgage, etc., or, if so secured, the security has become valueless.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 37; Dec. Dig. § 11.*]

Action by the Foreign Mines Development Company, Limited, a corporation, against E. J. Boyes. Motion by defendant to discharge attachment. Granted.

Charles W. Slack, for plaintiff.
Elliott B. Davis, for defendant.

VAN FLEET, District Judge. This is a motion by the defendant to discharge an attachment levied upon his property, based upon these facts:

The California Trona Company, a corporation, in consideration of money advanced to it by the plaintiff herein, gave to the latter its promissory notes secured by a mortgage upon its real and personal property in this district. Default in payment having been made, the plaintiff filed its bill in this court for a foreclosure of the mortgage, which proceeding is still pending. Thereafter the plaintiff commenced this action against the defendant, Boyes, counting upon the same notes, to recover the amount of his proportionate liability thereon as a stockholder in the Trona Company; and therein sued out and procured to be levied the attachment in question based upon an affidavit that its claim is founded upon "an express contract for the direct payment of money, to wit, upon the contract of the plaintiff with California Trona Company, a corporation incorporated, organized, and existing under and by virtue of the laws of the state of California, and the contract and liability of the said defendant as a stockholder of the said last-named corporation. That the said contract of the said defendant was made and is payable in this state, and that the payment of the same has not been secured by any mortgage or lien upon real or personal property, or any pledge of personal property."

There are three grounds urged in support of the motion:

(1) That the contract sued on is secured by mortgage, and under the law of this state an attachment is not allowed in an action upon a contract secured by mortgage, lien, or pledge where the security has not become valueless.

(2) That the affidavit for the writ is false in stating that the contract sued upon is not secured, which entitles defendant to a discharge of the attachment.

(3) That the pendency of the proceeding to foreclose precludes the present remedy, since, under section 726 of the Code of Civil Procedure:

"There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real or personal property."

The first ground, as I regard it, is the material one for consideration; the second being merely formal and technical and leading to no conclusive results, while the third goes to the right to maintain the action rather than to that of invoking the auxiliary remedy here sought. The real proposition presented is as to the right of plaintiff, under the facts appearing, to the remedy of attachment at all, and that is involved in the first ground stated.

Section 537 of the Code of Civil Procedure, which prescribes the instances in which an attachment may issue, so far as pertinent here, provides that the plaintiff may have the property of the defendant attached as security for the satisfaction of any judgment that may be recovered:

"In an action upon a contract, express or implied, for the direct payment of money, where the contract is made or is payable in this state, and is not-

secured by any mortgage or lien upon real or personal property, or any pledge of personal property; or, if originally so secured, such security has, without any act of the plaintiff, or the person to whom the security was given, become valueless."

The position of the defendant is that the action is to enforce his liability as a stockholder upon the notes given by the corporation; and as it appears that those obligations are secured by mortgage, and that security is not shown to have been impaired or lost, the plaintiff is precluded by the terms of the statute just quoted from availing himself of the remedy of attachment.

The plaintiff, on the other hand, insists that the action is based upon the statutory liability of the defendant and not upon the notes, the latter being pleaded merely to show the origin of that liability; that this liability is a primary one upon which a separate action lies and is wholly independent of that of the corporation and unaffected by the fact that the obligation of the latter is secured; that while founded upon the statute it is in its nature contractual and one in the enforcement of which the remedy of attachment exists.

It will be observed from these contentions that the case is made to turn upon the question of the identity of the obligation sued upon with that given by the corporation. If the action is to be construed as one founded upon the notes, the latter being secured by mortgage, it would seem obvious that attachment will not lie, since the statute does not require that the security which constitutes a bar to that remedy shall have been given by the party sued, but only that the obligation be secured in the manner there specified.

While it is true that the liability of a stockholder is one which is created by law rather than the contract, is primary in character and so far separate and independent from that of the corporation that it may not be extended beyond the limitations prescribed by the statute (Hunt v. Ward, 99 Cal. 612, 34 Pac. 335, 37 Am. St. Rep. 87), it is not true, as contended, that it is wholly distinct and separate from that of the corporation. It must have its origin and inception in the act of the corporation, since, while the corporation may by its contract create a liability that binds the stockholder, the latter cannot contract for the former. There must always therefore in a primary sense exist an identity of obligation on the part of both the corporation and its stockholder; and it is held that in suing a stockholder upon his liability it is essential to allege the contract of the corporation out of which it arises. Knowles v. Sandercock, 107 Cal. 629, 637, 638, 40 Pac. 1047, 1048, 1049. In that case, which was an action against stockholders to recover the amount of their liability upon an indebtedness of the corporation evidenced by its promissory note, in answering an objection that the complaint should have counted upon the original obligation, and not upon the note, it is said:

"Perhaps some confusion has arisen on this subject by expressions to the effect that the stockholder's liability is not that of a surety but that of an original debtor. These expressions, from the point of view from which they were made, correctly state the law. Nevertheless the statute expressly makes the stockholder liable for the debts of the corporation, and it would not be good pleading to aver that the stockholder borrowed the money or bought the goods for which the indebtedness arose. The debt to be alleged is the

debt of the corporation, and I see no reason why it may not be placed in the usual mode. The original contract here, upon which the indebtedness arose, was the note, and the allegation of it is a sufficient allegation of the debt of the corporation."

And it is further said:

"The stockholder is, perhaps, not strictly liable on the contract, but on the statute. Still, if the debt of the corporation is created by a written contract, the debt of the corporation must be pleaded in the usual mode. The liability of the stockholder in this case is no more based on a supposed original implied contract than on the note."

Moreover, it is held in Kennedy v. Californian Sav. Bank, 97 Cal. 93, 96, 31 Pac. 846, 847 (33 Am. St. Rep. 163), that the corporation acts as the agent of its stockholders in the making of contracts and creating the liability by which they are bound, and that an action against a stockholder for such liability is essentially an action founded upon the contract. In that case, after quoting the provision of the Constitution of California declaring the individual liability of stockholders in corporations, it is said:

"This section prescribes the terms upon which individuals are permitted to transact business through the medium of a corporation, and the necessary legal effect of the conditions thus prescribed is that a corporation when created becomes the agent of its stockholders to make such contracts and incur such liabilities as are authorized by law and its articles of incorporation, and the contracts which it thus makes bind the stockholders to the extent named. * * * It would seem, therefore, that an action against a stockholder to recover his proportion of the amount due upon a contract made by a corporation, which is only an agency adopted by him for the transaction of business, was essentially an action founded upon a contract. Norris v. Wrenschall, 34 Md. 496; Corning v. McCullough, 1 N. Y. 47 [49 Am. Dec. 287]; Hawthorne v. Calef, 2 Wall. 10 [17 L. Ed. 776]; Dennis v. Superior Court, 91 Cal. 548 [27 Pac. 1031]; Cook on Stockholders, § 223; Allen v. Sewall, 2 Wend. [N. Y.] 327; Ex parte Van Riper, 20 Wend. [N. Y.] 616."

When we apply the principles declared in these cases to the present action, it must, I think, be regarded as one so far based upon the notes of the corporation as to bring it within the class excluded under the terms of the statute from the remedy of attachment. The allegations of the complaint, as also those of the affidavit for attachment, disclose the same identity and coincidence in the character of the obligation sued on as existed in Knowles v. Sandercock, where, as there expressed, the liability of the stockholder "is no more based upon a supposed original implied contract than on the note." And if, as held in Kennedy v. Cal. Savings Bank, the corporation was the agent of the defendant in making the contracts sued on, it was equally his agent in securing those contracts by a mortgage of its property, in which he had at least an equitable interest; and, being bound by the act of his agent in creating the obligation, he should enjoy the protection of its act in giving the security—at least to the extent of protecting him against so harsh a remedy as that here sought. Moreover, the plaintiff in dealing with the corporation was bound to know that it was contracting with the defendant's agent; and, if it saw fit to make a contract in a form which would circumscribe it in the manner of its enforcement, it cannot be heard to complain.

In Kennedy v. Cal. Savings Bank, the demand sued on was un-

secured, and all that was held was that, the obligation being one founded on contract, attachment would lie. The case did not involve the question here presented. and in no way helps the plaintiff; to the contrary, as we have seen, the principles announced make in favor of the defendant.

Nor do I think the foregoing considerations affected by the passing suggestion in Knowles v. Sandercock that the stockholder is neither injured nor benefited by the fact that the corporation has given security. That was said in answer to an entirely different proposition to the one here involved, and for the purposes for which the expression was used was perhaps not improper, although I think wholly unnecessary. The existence of the mortgage there was being considered. only with reference to the claim by the stockholders that it constituted a defense to the action against them on their liability on the note of the corporation; and it was held that it was no defense, which, of course, under the statute, was obvious. Here we are considering its effect upon a contract under the terms of a statute affording an exceptional and drastic remedy, which under all the authorities is to have a strict construction and not to be extended beyond its plain and obvious purport.

. As stated by Mr. Waples:

"Attachment, considered as a means of creating a lien in favor of an ordinary debtor, as a preliminary levy anticipatory of execution after judgment, is an innovation on the common law and as the means by which extraordinary jurisdiction is acquired and exercised is a harsh and exceptional remedy; and because it is such the statutes authorizing it should be strictly construed." Waples, Attachment & Garnishment, § 23.

As a result of these views, I am constrained to hold that the motion to discharge the attachment herein should be granted; and it is so ordered.