[Civ. No. 1245. First Appellate District.—May 10, 1913.]

NILES STATE BANK (a Corporation), Respondent, v. C. B. JENNINGS et al., Appellants.

CORPORATION—MORTGAGE DEBT—LIABILITY OF STOCKHOLDERS.—The liability of a stockholder for a debt of the corporation secured by mortgage is original and primary, and therefore is not limited to the deficiency arising upon foreclosure.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge.

The facts are stated in the opinion of the court.

Ira S. Lillick, for Appellants.

Oliver Ellsworth, for Respondent.

HALL, J.—This is an appeal from a judgment against appellants upon a stockholder's liability for a debt of a corporation, the Metropolitan Meat Company, of which appellants were stockholders at the time of the incurring of the indebtedness.

Appellants as an affirmative defense pleaded that the Metropolitan Meat Company, at the time of incurring the indebtedness sued on, had given to plaintiff a mortgage upon certain land to secure the same; and also pleaded the pendency of an action brought by plaintiff against the said mortgagor to foreclose the same. To this defense the court sustained a demurrer; and it is as to the correctness of this ruling that the only question for solution upon this appeal is presented.

Appellants argue that in a case where a debt is secured by a mortgage the only debt for which the mortgagor is personally liable is the deficiency arising from a foreclosure and sale of the mortgaged property; and that under section 726 of the Code of Civil Procedure only one action may be maintained upon a debt secured by a mortgage. From these premises he argues that the only liability of a stockholder of a mortgagor corporation is to pay his proportion of the debt for which the corporation is personally liable, to wit, the deficiency arising from a foreclosure and sale of the mortgaged premises.

The conclusion so earnestly urged does not follow from the premises. Though the mortgagor is only liable to a personal judgment for such deficiency, the liability of a stockholder in a corporation is original and primary. (*Mokelumne Hill Canal Co.* v. *Woodbury,* 14 Cal. 265; *Davidson* v. *Rankin,* 34 Cal. 503; *Young* v. *Rosenbaum,* 39 Cal. 646; *Morrow* v. *Superior Court,* 64 Cal. 383, [1 Pac. 354]; *Hyman* v. *Coleman,* 82 Cal. 650, [16 Am. St. Rep. 178, 23 Pac. 62].)

The stockholders are not affected by the fact that because of the mortgage only an action to foreclose can be brought against the mortgagor corporation. "The mortgage only affects the remedy against the mortgagor, the corporation, the liability of the stockholder . . . is primary in the sense that he is not a surety. He is not injured, neither is he benefited

by the fact that the corporation has given security."
(*Knowles* v. *Sandercook,* 107 Cal. 629, [40 Pac. 1047].)   This
latter case is decisive of the point involved in this appeal.

The judgment is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.