[Civ. No. 2081.   Third Appellate District.—April 8, 1920.]

# H. B. KELLEY, Respondent, v. MAX GOLDSCHMIDT et al., Appellants.

[1] GUARANTY—ACTION ON—NATURE OF.—A guaranty is an independent contract—that is, it is entirely independent of any contract of debt the payment of which is thus assured—and an action on a guaranty of payment of a note is upon an independent contract of the guarantor with which the principal debtor has nothing to do.

[2] ID.—SEVERAL SECURITIES FOR SAME OBLIGATION—CONTRACT OF SURETY—RIGHT OF CREDITOR.—A mortgage or a trust deed given to secure the performance of an obligation to pay money and a guaranty given for the same purpose are each intended to subserve the same purpose, and where both are given to secure one single obligation of that character, the one operates merely as additional security to the other, and the creditor may resort either to the one or the other to enforce the payment of the money to secure the payment of which both were given; but in the case of a contract of surety executed to secure the performance of the obligation which is also secured by a mortgage or other collateral security, the holder of the mortgage or other security is compelled to apply to the payment of the debt the property of the debtor which has been mortgaged to secure the debt.

[3] ID.—SECURITY FOR PAYMENT OF DEBT—WHEN SECURITY FOR GUARANTY.—To justify a court in holding that a mortgage or deed of trust given as security for the payment of a debt was also given as security for the performance of a contract of guaranty of such payment, there would have to be to that effect a clear and unequivocal intent expressed in the mortgage or trust deed.

[4] ID.—ACTION ON—ATTACHMENT.—In an action upon a contract of guaranty, a motion to dismiss an attachment upon the ground that the performance thereof is secured by a deed of trust is properly denied where it is found that such deed of trust was given as security for the payment of the principal debt only, and not as security for the performance of the contract of guaranty of payment of that debt.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Grant Jackson, Judge.   Affirmed.

The facts are stated in the opinion of the court.

1.   Contracts of guaranty generally, note, 105 Am. St. Rep. 502.

Ernest C. Griffith, Loewenthal, Loeb & Walker and Loewenthal, Collins & Loewenthal for Appellants.

Benjamin E. Page and Arthur C. Hurt for Respondent.

HART, J.—The appeal in this action is prosecuted by defendants H. H. Goldschmidt and Goldschmidt Bros. from an order made by the superior court in and for the county of Los Angeles, on August 7, 1917, denying a motion made by said defendants to discharge an attachment theretofore levied upon certain personal property belonging to them.

The complaint was filed on the twentieth day of June, 1917, against the above-named defendants and one Milton Kauffman, but, on the sixteenth day of July, 1917, plaintiff caused the action to be dismissed as against said defendant Kauffman. From that time on the action was against the guarantors alone and, consequently, upon the contract of guaranty only, and thus the action stood when the notice of the motion to discharge the attachment was given on August 1, 1917.

The complaint was in two counts, in the first of which it was alleged that, on or about the seventeenth day of August, 1915, at the city of Los Angeles, defendant Kauffman, for a valuable consideration, executed and delivered to Hellman Commercial Trust & Savings Bank, a corporation (hereinafter called the bank), his promissory note in writing for the sum of nineteen thousand dollars, payable on demand; that thereafter, for a valuable consideration, said bank assigned and transferred the said note to plaintiff; that the sum of five thousand dollars was paid upon said note, and that at the date of the commencement of the action there was due thereon the sum of fourteen thousand dollars.

In the second count of the complaint it was alleged that, contemporaneously with the making of said promissory note and as a part of the same transaction, the defendants Goldschmidt delivered to said bank their written contract of guaranty, indorsed upon the back of said note, by which they guaranteed "the payment of the within note or any renewal or extension thereof, and all expenses of collection thereof," and also agreed to pay reasonable attorney's fees in case suit was brought to enforce the guaranty. The

assignment of said guaranty to plaintiff was alleged, as well as demand upon defendants, on the seventeenth day of November, 1916, that said note be paid, and one thousand four hundred dollars was asserted to be a reasonable fee to be paid plaintiff's attorneys.

On June 22, 1917, plaintiff filed an affidavit for attachment, in which he stated: "That defendants in the said action are indebted to him in the sum of $14,585.27 . . . upon an express contract, for the direct payment of money, to wit: upon a promissory note and contract of guaranty and that such contract was made and is payable in this state, and that the payment of the same has not been secured by any mortgage or lien upon real estate or personal property, or any pledge of personal property. . . ."

Accompanying said affidavit was a "Statement to Clerk," directing that an attachment be levied upon certain real property in the county of Orange, describing it. On the 25th of June, 1917, another "Statement to Clerk" was delivered to the county clerk directing the attachment of the wholesale liquor establishment of Goldschmidt Bros. in Los Angeles; "also run a personal property garnishment directed to the Title Insurance and Trust Company."

The return of the sheriff showed that he levied said writ of attachment on "all moneys, goods, credits, debts due or owing, or any other personal property belonging to the defendants, or either of them, in the possession of or under the control of Title Insurance and Trust Company," and that he also attached the "stock of liquors, store fixtures and all other personal property located" in the city of Los Angeles in the possession of defendants Goldschmidt Bros.

On August 1, 1917, the defendants Goldschmidt served and filed a notice of motion to discharge attachment, supported by the affidavit of Herman H. Goldschmidt, one of the defendants, in which it was stated that, after the signing by Goldschmidt Bros. of said contract of guaranty, Valencia Groves Company, a corporation, to secure the repayment of the indebtedness arising out of said promissory note and said contract of guaranty, conveyed to said bank certain real property described in a declaration of trust, and that said bank accepted said declaration of trust. "Affiant states that said real property is still subject to the lien aforesaid, and the statement made by plaintiff in his affi-

davit for attachment that payment of the alleged contract on which suit was brought has not been secured, is erroneous.''

Attached to said affidavit was a copy of said declaration of trust, in which said bank certified and declared that it had .received and accepted from the Valencia Groves Company, the trustor, deeds conveying to said trustee certain real property in the county of Los Angeles (describing two parcels of land, the first of which was subject to a mortgage of ninety thousand dollars and the second to a mortgage of eighty-five thousand dollars), in trust for the following purposes: First, to secure the payment to the bank ''of the debts evidenced by two notes, for nineteen thousand dollars and two thousand dollars, respectively,'' said note for nineteen thousand dollars being the one herein sued upon. The contract of guaranty signed by Goldschmidt Bros. on the back of said note is also reproduced. The note for two thousand dollars bore date of January 28, 1916, and was signed by Milton Kauffman and Isaac Kauffman, and contained a guaranty signed by Max Goldschmidt. Second, after the payment in full of the debts evidenced by said notes, to secure the payment of a certain note of the Valencia Groves Company to David S. Unruh for the sum of $2,155.12.

The single question presented hinges on the real meaning and scope of the trust deed. The appellants contend that the declaration of trust was intended to secure payment not only of the promissory notes referred to in said declaration (one executed by Milton Kauffman and the other by Milton and Isaac Kauffman), but also the performance of the conditions of each of the guaranties indorsed on said notes, the one by Goldschmidt Bros. by Max Goldschmidt and the other by Max Goldschmidt. The position of the appellants is that the provision in the declaration of trust, to wit: ''To secure the payment to Hellman Commercial Trust and Savings Bank . . . of the *debts* [italics ours] evidenced by two notes,'' etc., can reasonably be given no other construction than that it means, and was intended to mean, that the security afforded by the said declaration was to include and cover not only the promissory notes but the performance of the contracts of guaranty. With this view of the provision referred to we are unable to agree.

A guaranty is a promise to answer for the debt, default, or miscarriage of another person (Civ. Code, sec. 2787), and a person may become a guarantor even without the knowledge or consent of the principal. (Civ. Code, sec. 2788.) [1] A guaranty is, therefore, an independent contract— that is, entirely independent of any contract of debt the payment of which is thus assured, and it follows that an action on a guaranty such as the one involved herein is upon an independent contract of the guarantor with which the principal debtor has nothing to do. "The liability of the guarantor depends entirely upon the terms of his contract of guaranty, and 'there is no privity, or mutuality, or joint liability between the principal debtor and his guarantor.'" (*Cooke* v. *Mesmer,* 164 Cal. 332, 340, [128 Pac. 917, 920]. See, also, *Adams* v. *Wallace,* 119 Cal. 67, [51 Pac. 14]; *Kinsel* v. *Ballou,* 151 Cal. 762, [91 Pac. 620].)

[2] A mortgage or a trust deed given to secure the performance of an obligation to pay money and a guaranty given for the same purpose are each intended, of course, to subserve the same purpose, and where both are given to secure one single obligation of that character, the one operates merely as additional security to the other. But the creditor may resort either to the one or the other to enforce the payment of the money to secure the payment of which both were given. In case of a contract of surety executed to secure the performance of the obligation which is also secured by a mortgage or other collateral security the law is different. In the latter case, the holder of the mortgage or other security would be compelled to apply to the payment of the debt the property of the debtor which had been mortgaged to secure the debt. (Civ. Code, sec. 2850; *Adams* v. *Wallace, supra.*) Such, however, is not the case as to a guarantor, as we have shown.

[3] In view of the character and effect of a contract of guaranty, as above indicated—that is, that it creates an obligation wholly independent of that of the debt which it is given to secure—there would have to be to that effect a clear and unequivocal intent expressed in a mortgage or a trust deed given to secure the payment of a large sum of money, where there has also been given a guaranty for the payment of the same debt, to justify a court in holding that the purpose of the mortgage or trust deed, given subse-

quently to the execution of the contract of guaranty, was to secure payment not only of the promissory note evidencing such debt but also to secure the performance of the contract of guaranty. This is true because the guaranty is itself security for the payment of the same debt. It is hardly supposable that in such case property would be hypothecated to secure a security already in existence to secure the debt to secure the payment of which such property is hypothecated. No such intent is clearly and unequivocally expressed in the instrument involved herein. The word ''debts,'' we think it is clear from a fair and reasonable construction of the declaration of trust, means, and was intended to mean, the debts created by the notes themselves and was not intended to refer to and include the obligations created by the guarantors by their contracts of guaranty. It is true the declaration of trust sets out therein not only the notes but also the contracts of guaranty, but the latter contracts were indorsed on the back of the notes, and it was not only proper but necessary, as a matter of description—that is, for the purpose of describing the notes to secure the payment of which the trust deed was given—to insert in the declaration of trust the contracts of guaranty.

[4]  Our conclusion is that the motion to dissolve the attachment was properly denied, and the order denying said motion is, accordingly, affirmed.

Ellison, P. J., *pro tem.,* and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 7, 1920.

All the Justices concurred.