[L. A. No. 8378.   In Bank.—August 28, 1926.]

# ARONSON & COMPANY (a Corporation), Respondent, v. ELIZABETH PEARSON, Appellant.

[1] CORPORATIONS—STOCKHOLDERS' LIABILITY—BASIS FOR.—The constitutional and statutory provisions relating to the liability of stockholders of corporations become essential terms of the subscription agreement of a stockholder as fully as if they were set forth at length therein; and by accepting ownership of stock in a corporation, the stockholder in effect offers to make payment, to the extent of his stockholder's liability, to any person who may extend credit to the corporation during the period of his ownership.

[2] ID.—STOCKHOLDER AND CREDITOR—CONTRACT BETWEEN.—Whenever, during the ownership of stock by a stockholder, any person extends credit to the corporation, the offer of the stockholder to make payment of his stockholder's liability, which results from his accepting stock, and the act of extending credit by the creditor, combined, make a complete contract, and the stockholder's liability to the creditor of the corporation is not based upon the agency, in any general sense, of the corporation to impose such liability upon him, but upon his own agreement; and the liability is primary, conditional only upon there being a subsisting debt against the corporation.

[3] ID.—CONTINUING GUARANTEE.—While all the rules relating to the liability of a guarantor are not applicable to a stockholder's liability, the obligation of the latter is in the nature of a continuing guaranty of payment of debts contracted by the corporation during his ownership of stock and to the extent provided by the constitution.

[4] ID.—DIRECT LIABILITY OF STOCKHOLDER.—A stockholder's liability is direct, immediate and enforceable independently of proceedings against the corporation; it is primary or original and not secondary.

[5] ID.—MORTGAGE DEBT OF CORPORATION—LIABILITY OF STOCKHOLDER—ATTACHMENT.—A stockholder's liability being separate and distinct from the liability of the corporation for its debts, and being based upon contract, a creditor in a suit against the stockholder on his statutory liability for a debt of the corporation secured by mortgage, may sue the stockholder and attach his property,

---

1.  See 6 Cal. Jur. 992.
3.  See 6 Cal. Jur. 993.
4.  See 6 Cal. Jur. 995; 7 R. C. L. 373.
5.  See 6 Cal. Jur. 997.

notwithstanding the mortgage against the corporation, and without showing that the security is valueless.

[6] ID.—INDEPENDENCE OF CORPORATION AND STOCKHOLDER.—In such a case the fact that the stockholder owns nearly all of the stock of the corporation does not warrant a holding that the mortgage of the corporation is in effect the stockholder's individual mortgage, when it would result in detriment to the creditor.

---

(1) 14 C. J., p. 973, n. 9.   (2) 14 C. J., p. 973, n. 11 New, p. 1049, n. 58.   (3) 14 C. J., p. 973, n. 8 New.   (4) 14 C. J., p. 1049, n. 58, p. 1084, n. 4 New.   (5) 14 C. J., p. 1080, n. 35.   (6) 14 C. J., p. 55, n. 30, p. 866, n. 39.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion to discharge an attachment in an action upon stockholder's liability. Merle J. Rogers, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

W. I. Gilbert for Appellant.

Page & Hurt, Eugene D. Williams and Page, Nolan, Rohe & Hurt for Respondent.

FINCH, J., pro tem.—This is an appeal by the defendant from an order of the trial court denying her motion to discharge an attachment. The action was brought to recover on defendant's liability as a stockholder of the Pearson Ranch Company, a corporation, having a capital stock of $500,000, divided into 5,000 shares of the par value of $100 each, of which the defendant is alleged to be the owner of 4997 shares. The corporation created an indebtedness of $188,000, evidenced by 188 first mortgage bonds, secured by a trust mortgage upon 1803.6 acres of land in Glenn County. Plaintiff is the owner of 91 of these bonds. Upon the filing of the complaint the plaintiff procured the issuance of a writ of attachment, which was thereafter duly levied upon certain real property of the defendant. In appellant's opening brief it is said:

"The only question presented . . . is this: Is a creditor of a corporation, upon a debt incurred by such corporation, which debt is secured by a mortgage or lien upon property of the corporation, entitled to the issuance of an attachment

against the property of a stockholder of such corporation in an action instituted by such creditor upon a stockholder's liability based upon such debt of such corporation so secured, without showing by affidavit that such security has become valueless?''

The only case cited or discovered that is directly in point is *Foreign Mines Development Co.* v. *Boyes,* 180 Fed. 594. The decision in that case supports appellant's contention. It is there said: ''It is held in *Kennedy* v. *California Sav. Bank,* 97 Cal. 93, 96 [33 Am. St. Rep. 163, 31 Pac. 846] . . . that the corporation acts as the agent of its stockholders in the making of contracts and creating the liability by which they are bound, and that an action against a stockholder for such liability is essentially an action founded upon the contract. . . . And if . . . the corporation was the agent of the defendant in making the contracts sued on, it was equally his agent in securing those contracts by a mortgage of its property, in which he had at least an equitable interest; and, being bound by the act of his agent in creating the obligation, he should enjoy the protection of its act in giving the security—at least to the extent of protecting him against so harsh a remedy as that here sought.'' In the Kennedy case (p. 96) it is said: ''The first ground stated in the motion presents the question whether an action against a stockholder for his proportion of the debt of a corporation of which he is a member is upon a contract, within the meaning of section 537 of the Code of Civil Procedure, relative to attachment; and that it is such an action, we entertain no doubt. In a general sense, the action is founded upon a contract, and it is none the less so because under the provisions of section 3 of article XII of the constitution of this state and section 322 of the Civil Code the stockholder is made liable to perform the contract in part. The constitution, in the section above referred to, declares: 'Sec. 3. Each stockholder of a corporation or joint stock association shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred, during the time he was a stockholder, as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock, or shares of the corporation or association.' This section prescribes the terms upon which individuals are permitted to transact business through the

medium of a corporation, and the necessary legal effect of the conditions thus prescribed is, that a corporation when created becomes the agent of its stockholders to make such contracts and incur such liabilities as are authorized by law and its articles of incorporation, and the contracts which it thus makes bind the stockholders to the extent named. . . . It would seem, therefore, that an action against a stockholder to recover his proportion of the amount due upon a contract made by a corporation, which is only an agency adopted by him for the transaction of business, was essentially an action founded upon a contract.'' There may be some uncertainty in the foregoing language, and in similar expressions in other decisions, as to whether it was intended to hold that an action to recover on a stockholder's liability is an action to enforce a contract made by the corporation as the agent of the stockholder or an action to enforce the subscription contract made by the stockholder in his purchase of stock. The meaning of the language quoted is clarified in *County of San Luis Obispo* v. *Gage,* 139 Cal. 398, 405 [73 Pac. 174], involving the right of a county to recover from the state for the maintenance of orphan children. It is there said: ''The claim in controversy does not arise upon any express formal contract *inter partes,* between the plaintiff on the one hand and the state of California on the other. It arises, if at all, from the effect of the act of 1880, and the subsequent performance by the respondent of the conditions which bring it within the terms of the statute. It is, in one sense, a liability arising from a statute; but it does not follow that it may not nevertheless be a contract. Contracts may be made or evidenced by a statute, and by conduct ensuing thereupon, as well as by other means or evidence. Thus, it has been held in *Kennedy* v. *California Savings Bank,* 97 Cal. 93 [33 Am. St. Rep. 163, 31 Pac. 846], that the statutory liability of a stockholder in a corporation to pay his proportion of a debt due from the corporation itself is a contract within the meaning of the law which limits the right of attachment to ·actions upon a contract. . . . It must be conceded upon principle that the obligation here in controversy is an obligation arising upon contract. The state by the act of 1880, in effect promised to each county in the state that if it should thereafter maintain and support persons of a class mentioned in the act, the state would ap-

propriate and pay to such county the sums of money therein stated. This was the equivalent of an offer upon condition, and upon the performance of the condition by any county the offer became a promise, and binding as such upon the state. . . . It is analogous to the case where a natural person offers a reward for the performance of some particular act, as the recovery of property or the apprehension of a criminal. The offer is made to no person in particular; but when the act upon which it depends is performed, the offer and the act combined make a complete contract between the person making the offer and the person who performs the act." The same principle is expressed in Thompson on Corporations, 2d. ed., section 4790, as follows: "This liability is not imposed upon stockholders without their consent, for the reason that where such a statute or constitutional provision exists when a person becomes a stockholder in a corporation, he impliedly at least agrees to become liable to the extent prescribed. In other words, such a provision, under familiar principles, becomes incorporated in, and a part of, the undertaking of the stockholder, and is therefore said to be the result of his stockholder's agreement, and is contractual in its nature." [1] The constitutional and statutory provisions relating to the liability of stockholders become essential terms of the subscription agreement of a stockholder as fully as if they were set forth at length therein. By accepting ownership of stock in a corporation, the stockholder in effect offers to make payment, to the extent of his stockholder's liability, to any person who may extend credit to the corporation during the period of his ownership. [2] Whenever, during such ownership, any person so extends credit to the corporation, "the offer and the act (of extending credit) combined make a complete contract" between the stockholder and the creditor. It thus appears that the stockholder's liability to the creditors of the corporation is not based upon the agency, in any general sense, of the corporation to impose such liability upon him but upon his own agreement, implied from his acceptance of the ownership of stock. His "liability arises by operation of law from the creation and existence of the debt, not through any power of the corporation to bind him to personal liability for its obligations." (*Ellsworth* v. *Bradford,* 186 Cal. 316, 319 [199 Pac. 335].) The liability of

the stockholder "is primary, and is conditional or contingent only in this: That there must be a subsisting debt against the corporation." (*Young* v. *Rosenbaum,* 39 Cal. 646, 654.)

The principle upon which a stockholder becomes liable for corporate debts is analogous to that which binds the writer of a general letter of credit which contemplates "a course of future dealing," as provided by section 2864 of the Civil Code. When such a letter of credit is accepted by giving credit in compliance with its terms, "there springs from the letter and its acceptance a distinct contract . . . which is binding upon the writer of the letter. And this writer is upon default of the debtor liable to those who gave credit in accordance with its terms." (*Lafargue* v. *Harrison,* 70 Cal. 380, 384 [59 Am. Rep. 416, 9 Pac. 259, 11 Pac. 636].) In an action against the writer of a letter of credit, it is necessary to prove a contract between the person in whose favor the letter is drawn and the one who gave the credit to him, but the suit is not upon such contract, on the theory that such person secured the credit as the agent of the writer of the letter, but upon the letter itself and its acceptance, which constitute the contract between the writer and the person who gave the credit.

[3] While all the rules relating to the liability of a guarantor are not applicable to a stockholder's liability, the obligation of the latter is in the nature of a continuing guaranty of payment of debts contracted by the corporation during his ownership of stock and to the extent provided by the constitution. The liability of a guarantor is distinct and independent of that of the principal debtor. (*Cooke* v. *Mesmer,* 164 Cal. 332, 340 [128 Pac. 917]; *Adams* v. *Wallace,* 119 Cal. 67, 71 [51 Pac. 14]; *Kelley* v. *Goldschmidt,* 47 Cal. App. 38, 42 [190 Pac. 55]. [4] "The stockholder's liability is direct, immediate and enforceable independently of proceedings against the corporation. In equivalent phrase, the liability is primary or original, and not secondary. Under the California law the liability is as distinct and separate as it would be if the act had made no provision for any other liability than that of the stockholder for the debts of the corporation, the direct relation of debtor and creditor being established between the stockholder and the

creditor by the statute." (6 Cal. Jur. 995 and cases there cited.)

[5] "There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real or personal property." (Code Civ. Proc., sec. 726.) "An independent action at law cannot be maintained for a debt, whatever the form, if it is secured by a mortgage." (*Western Fuel Co.* v. *S. G. Lewald Co.*, 190 Cal. 25, 27 [210 Pac. 419].) "The guarantor's obligation rests solely upon its contract of guaranty. The mortgage is looked to merely to interpret and measure the extent of the guaranty. The guarantor's obligation is not secured by the mortgage, and suit may be maintained upon it without reference to any proceeding against the principal debtor or the security." (*San Francisco T. Seminary* v. *Monterey Co. Gas & Elec. Co.*, 179 Cal. 166, 172 [175 Pac. 693].) In *Knowles* v. *Sandercock*, 107 Cal. 629, 641 [40 Pac. 1047], the plaintiff sued to enforce the liability of stockholders for corporate debts, evidenced by a promissory note of the corporation and secured by its mortgage. The court said: "The note was due but the mortgage had not been foreclosed. This fact constitutes no defense for defendants. They are not affected by the fact that because of the mortgage only an action to foreclose could be brought against the corporation. The mortgage only affects the remedy against the mortgagor—the corporation. The liability of the stockholder, as has already been said, is primary in the sense that he is not a surety. He is not injured nor is he benefited by the fact that the corporation has given a mortgage." To the same effect is the decision in *Niles State Bank* v. *Jennings*, 22 Cal. App. 66 [133 Pac. 329]. In *Martin* v. *Becker*, 169 Cal. 301, 306 [Ann. Cas. 1916D, 171, 146 Pac. 665], after quoting the foregoing language from the Knowles case, it is said: "We have quoted this language because it succinctly declares the principle vital to this consideration. 'The mortgage only affects the remedy against the mortgagor' or primary debtor." In *Kelley* v. *Goldschmidt*, 47 Cal. App. 38, 42 [190 Pac. 55], the plaintiff sued the defendant as the guarantor of a debt secured by a trust deed and procured a writ of attachment to be issued and levied upon the property of the defendant. The defendant moved to discharge the attachment on the ground

that the debt was secured by the trust deed. The motion was denied and, in affirming the order, the court said: "A guaranty is . . . an independent contract—that is, entirely independent of any contract of debt the payment of which is thus assured, and it follows that an action on a guaranty such as the one involved herein is upon an independent contract of the guarantor with which the principal debtor has nothing to do."

Section 537 of the Code of Civil Procedure provides that the property of a defendant may be attached "in an action upon a contract, express or implied, for the direct payment of money, where the contract . . . is not secured by any mortgage or lien upon real or personal property, or any pledge of personal property." In this case the corporation and the defendant stockholder had assumed independent obligations to pay the corporate debt. While the contract of the corporation was secured by the mortgage, the contract of the defendant as a stockholder was not so secured. A corporation and a stockholder thereof are not jointly liable for a corporate debt. They may be sued jointly, but only several judgments may be rendered. (*Avery* v. *Chucawalla Development Co.,* 175 Cal. 644 [166 Pac. 1002]; *Griffin & Skelly Co.* v. *Magnolia & Healdsburg Fruit Cannery Co.,* 107 Cal. 378 [40 Pac. 495].) It would not be contended that in a separate action to enforce a stockholder's liability a mortgage given by the corporation to secure the corporate debt for which the stockholder is liable could be foreclosed. To the extent of the defendant's liability as a stockholder, she and the corporation stand in the relation of two persons who, by independent contracts, have agreed to pay a single debt to be thereafter incurred, one of them having given a mortgage to secure his own contract. In a suit against the person whose contract was not secured, he could not successfully contend that a writ of attachment was not available to the plaintiff on the mere ground that the other person had given a mortgage to secure his contract; and it matters not whether the debt be that of one of such persons or of a third person. The obligations of the defendant and the corporation being primary and independent, the mere fact that the latter gave a mortgage to secure its contract is not a ground for discharging the writ of attachment.

[6] In appellant's closing brief it is suggested that, since she owned 4,997 shares of the capital stock of the corporation out of a total capitalization of 5,000 shares, she and the corporation were one and the same entity and that, therefore, the mortgage of the corporation was in effect her individual mortgage. "When necesary to redress fraud, protect the rights of third persons, or prevent a palpable injustice, the law and equity will intervene and cast aside the legal fiction of independent corporate existence . . . and deal with the corporation and stockholders as identical entities with identical duties and obligations." (*Wenban Estale, Inc.,* v. *Hewlett,* 193 Cal. 675, 696 [227 Pac. 723].) "In some instances that consequence follows, but only to secure justice to creditors and not to defeat it." (*Oliver* v. *Brennan,* 292 Fed. 197, 200.) "Anyone who enters into business relations with a corporation organized in this state may well be presumed to contract with a view to the individual liability of stockholders." (*Coulter Dry Goods Co.* v. *Wentworth,* 171 Cal. 500, 510 [153 Pac. 939].) When credit has been given to· a corporation in reliance upon its liability and the security given by it and the individual liability of its stockholders, it would be unjust to "cast aside the legal fiction of independent corporate existence" to the detriment of the creditor.

The order is affirmed.

Richards, J., Seawell, J., Waste, C. J., and Shenk, J., concurred.

Rehearing denied.