[Civ. No. 10080. Second Appellate District, Division One.—February 28, 1936.]

JEAN ROBERTS, Respondent, v. LOUIS BOMASH, Appellant.

194

Dudley Robinson for Appellant.

Harry Rabwin for Respondent.

ROTH J., *pro tem.*—Defendant and appellant, prior to the commencement of this action, had filed a petition in bankruptcy and received his discharge. One of the liabilities listed, from which he had been discharged in bankruptcy, was an unconditional contract of guaranty, which forms the basis of the present action. The guaranty in question was of certain bonds owned and held by plaintiff and respondent, which bonds were secured by a trust deed. The bonds were in default at the time of appellant's bankruptcy, and the holder of the bonds was sent a notice of the bankruptcy advising of her right and the time within which to file a claim against the bankrupt estate of the guarantor. No claim was filed, and the question of notice is not disputed.

██ In the present action respondent contended, in which contention she was sustained by the trial court, that, because the property described in the trust deed which was security for the bonds held by her had not been sold at the time of appellant's bankruptcy, it was impossible to ascertain the amount of her claim; that her claim against the guarantor was a contingent, unliquidated demand; and that it was not, therefore, a provable claim in bankruptcy, and would not be affected by the bankruptcy or appellant's discharge therefrom. (*In re Hutchcraft*, 247 Fed. 187, 41 A. B. R. 238; *Phenix Nat. Bank* v. *Waterbury*, 123 App. Div. 453 [108 N. Y. Supp. 391, 20 A. B. R. 140]; Gilbert's Collier on Bankruptcy, 1935 ed., p. 985.)

The fallacy of respondent's contention is that a guaranty is a separate and distinct obligation not dependent in any manner upon the liquidation of the property described in the trust deed, unless it is so conditioned by its own terms, (*Cooke* v. *Mesmer*, 164 Cal. 332, 340–342 [128 Pac. 917]; *Pierce* v. *Merrill*, 128 Cal. 464 [61 Pac. 64, 79 Am. St. Rep. 56]; *Kelley* v. *Goldschmidt*, 47 Cal. App. 38, 41 [190 Pac.

55].) The guaranty in question was an unconditional one. It is specifically recited that, " . . . the intent hereof that the undersigned shall remain liable as principal until the within Certificate with interest has been fully paid, notwithstanding any act or thing that might act as a legal or equitable discharge of a surety or guarantor. . . . (and) This guaranty shall be independent of and in addition to the rights and remedies under said Trust Indenture of the holder of the within Certificate."

There is no doubt that respondent's claim against appellant on the guaranty was a debt provable within the meaning of section 63 of the Bankruptcy Act which provides in part: "Debts of the bankrupt may be proved and allowed against his estate which are . . . (4) founded upon an open account, or upon a contract express or implied." (11 U. S. C. A., sec. 103.) Appellant's discharge in bankruptcy was a complete defense to respondent's claim on the guaranty.

Judgment is reversed, and there being no dispute on the facts, the trial court is directed to enter judgment in favor of defendant and appellant. ▇ The appeal from the order denying motion for new trial is dismissed, since there is no appeal from such an order.

York, Acting P. J., and Doran, J., concurred.