## REEVES v. HOWE et al.

A NOTE in this form : " Sixty days from date, for value received, we jointly promise to pay F. Reeves, or bearer, the sum of four hundred dollars, etc. Oct. 11th, 1858. (Signed) E. B. Howe, J. E. Mayo ;" was indorsed, "I guarantee the collection of the within note when due. (Signed) A. Hayward," cotemporaneously with the signing of the note : Held, that the engagement of Hayward is not original, but collateral ; that he is a guarantor and not a promissor, and is entitled to legal notice of nonpayment of the note before he can be charged on his contract.

APPEAL from the Sixteenth District.

The complaint was substantially against all the defendants as makers of the note—the specific allegation, as to Hayward, being, that for the consideration expressed in the note, he guaranteed its payment, " and thereby became liable with said other defendants to pay said note.

The demurrer was, that the complaint did not state facts sufficient to constitute a cause of action.

Demurrer overruled ; answer filed ; judgment for plaintiff. Defendant, Hayward, appeals.

J. F. Hubbard, for Appellant.

Dudley & Adams, for Respondent.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The question in this case is the legal obligation imported by an instrument in this form : " Sixty days from date, for value received we jointly promise to pay F. Reeves, or order, the sum of four hundred dollars, etc. Oct. 1858. (Signed) E. B. Howe, J. E. Mayo." Indorsed, " I guarantee the collection of the within note when due. (Signed) A. Hayward." The defendant, Hayward, was sued, together with the makers, and judgment had against him without further proof than the paper, and that the indorsement was made cotemporaneously with the signing of the note. The question is, whether this engagement of Hayward is an original obligation to pay the money on the maturity of the note. Obviously, this indorsement is not his promissory note, for a promissory note is a direct engagement by the payor to pay his own debt; whereas, this is an engagement to pay the debt of another. The engagement is in aid of, and collateral to the original liability of the principal, or party for whom the guarantee is given. (*Hall* v. *Farmer*, 5 Denio, 487 ; *Munson* v. *Durham*, 3 Hill, 591 ; Story on Prom. Notes, sec. 457.)

It is not necessary to inquire whether this guarantee is void, because it does not express the consideration. (See, however, 6 Cal. 102 ; 7 Id. 32.) It is enough for the purposes of this decision to hold that appellant was guarantor and not a promissor, and therefore that he was entitled to notice, before he could be charged on his contract. (*Riggs* v. *Waldo*, 2 Cal. 486; *Pierce* v. *Kennedy*, 5 Id. 128; *Geiger* v. *Clark*, 13 Id. ; *Lightstone* v. *Louis et al.* 4 Id. 277.) The demurrer should have been sustained.

Judgment reversed and cause remanded.