ROBERT WALSH

v.

JOHN VAN HORN.

*Mortgages—Foreclosure of—Joinder of Third Persons—Jurisdiction—Sec. 16, Chap. 95, R. S.—Proviso—Office of.*

1. It is the office of a proviso in a statute to limit the body of the act or antecedent clauses.

2. It is only by virtue of an express provision of the statute, or facts giving equitable jurisdiction, that a third person, liable for the mortgage debt, can be joined as a party defendant in a foreclosure proceeding.

·3. Sec. 16, Chap. 95, R. S., does not give the right to join in foreclosure proceedings, third persons who are legally liable for the payment of the mortgage debt, to charge them with the payment of the residue of the debt remaining unpaid after the application of the proceeds of the mortgaged property.

4. It *seems* that the object intended by the proviso in said section was to limit the jurisdiction of the court to the entry of a personal decree to such defendant or defendants, who are personally liable, as are before the court for the purposes of foreclosure and on equitable grounds.

[Opinion filed January 8, 1887.]

APPEAL from the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. HALEY & O'DONNELL, for appellant.

Mr. THOMAS H. HUTCHINS, for appellee.

An absolute guarantor of the payment of a note becomes personally liable to the holder for the amount of the note, and can be sued in the first instance without reference to the maker.    Rich v. Hathaway, 18 Ill. 548 ; Parkhurst v. Vail, 73 Ill. 343; Stowell v. Raymond, 83 Ill. 120.

Under a statute in New York quite similar to ours, providing for a decree for a deficiency, it was held a decree for a deficiency may be had over against a grantee from a mortgagee. Halsey v. Reed, 9 Paige, 446 ; Curtis v. Tyler, 9 Paige, 432 ; King v. Whitley, 10 Paige, 461; Vail v. Foster, 4 N. Y. 312 ; Belmont v. Cornan, 22 N. Y. 438.

BAKER, P. J.    William .Galligher executed a promissory note for $560, on the 25th day of March, 1875, due in five years and payable to Robert Walsh, the appellant; and Galligher and his wife, in order to secure its payment, gave a mortgage upon a lot in the city of Joliet.    On the 14th of April, 1875, appellant sold and assigned the note and mortgage to John Van Horn, appellee herein, and it is a matter of dispute between the parties whether, in the transaction, appellant assumed the liability of a guarantor, or only that of an indorser.

Appellee filed a bill to the September term, 1882, of the Will Circuit Court, making William Galligher and Bridget Galligher, his wife, and appellant Walsh, parties defendant, and asking foreclosure of the mortgage, and for a personal decree against both William Galligher and appellant, and that for any balance unpaid after the sale of the mortgaged lot he might have execution against both.    Appellant filed a special demurrer to the bill, which was overruled by the court; and thereupon he interposed an answer in which, among other things, he denied the right of appellee to a personal decree against him for any unpaid balance of the mortgage debt.    On the hearing a decree of foreclosure, and for the sale of the lot was rendered.    Upon the coming in of the report of the master in chancery of the sale made by him of the mortgaged premises under the provisions of this decree, the court found there was a deficiency of $589.06, and entered

a personal decree therefor against both William Galligher and appellant, and awarded execution against them. From this latter decree, Walsh, alone, prosecuted this appeal.

It is only by virtue of an express provision of statute, or where there are facts giving equitable jurisdiction over the demand, that a third person liable for the mortgage debt can be joined as a party defendant in a foreclosure suit, and a judgment be recovered against him for a deficiency. In the absence of such statute and of circumstances giving jurisdiction to the court of chancery, there is a misjoinder of causes of action. 2 Jones on Mortgages, sections 1710 and 1711, and authorities there cited.

In this case there are no circumstances of equitable jurisdiction. Whether the responsibility of appellant for the payment of the note was that of an indorser or that of a guarantor, it was a purely legal liability and enforcible in a court of law. It does not change the case even if his contract was an original undertaking and one upon which he could be sued in the first instance and without reference to the maker. It would simply be a promise distinct from those embodied either in the note as originally given or in the mortgage, but one containing no element that would make it cognizable in the chancery court. Leonard v. Morris, 9 Paige, 90, is not in point, as the decision was based upon an express provision of the statute of New York. The cases cited by appellee, wherein the vendee of the mortgagor agreed to pay the mortgage debt, are not parallel with and have but slight resemblance to the case under consideration, for in those cases the chancery jurisdiction arose from the fact that the legal obligation of the vendee to the mortgagor incurred in equity to the benefit of the mortgages, and no circumstances exist in this litigation that call for or permit the application of that equitable principle.

The only statutory provision that is claimed to justify the decree against appellant is Sec. 16 of Chap. 95 of the Revised Statutes. That section, as we understand it, does not in terms or by implication give the right to join in the foreclosure suit, third persons who are legally liable for the payment of the

mortgage debt, for the purpose of obtaining a decree against them for the residue of the debt remaining unpaid after all the mortgaged property has been exhausted. There is nothing whatever in the body of the section tending in the slightest degree in that direction, and the only language used upon which the claim of appellee can be based is that found in the *proviso* at the close of the section, and which reads as follows: "*Provided,* That such execution shall issue only in cases where personal service shall have been had upon the defendant or defendants personally liable for the mortgage debt, unless their appearance shall be entered in such suits."

A proviso is a clause which generally contains a condition that a certain thing shall or shall not be done in order that something in another clause shall take effect; it implies a condition and defeats the operation of the antecedent clause conditionally; it avoids such antecedent clause by way of defeasance. See Bouvier's Law Dictionary. In Boon v. Juliet, 1 Scam. 258, the court said that a proviso is intended to qualify what is affirmed in the body of an act, section or paragraph preceding it, and is intended as a mere limitation. In Sedgwick on Statutory and Constitutional Law, 62, it is said, quoting from the opinion of the Supreme Court of the United States in Voorhees v. Bank, 10 Pet. 449: "A proviso in deeds or laws is a limitation or exception to a grant made or authority conferred, the effect of which is to declare that the one shall not operate or the other be exercised unless in the case provided." In Wayman v. Southard, 10 Wheat. 1, 30, it was said that the proviso is generally intended to restrain the enacting clause.

It being the office of a proviso to limit the body of the act or antecedent clause, and in no sense its proper function to extend them, it should not be held to have this latter effect unless it appears from an inspection of the whole act, with reasonable certainty, that such was the legislative intention. The words, " the defendant or defendants personally liable for the mortgage debt," occur only in the proviso, and from a consideration of what the law was prior to and at the time of the enactment, the language used in the purview or body of

the act, and more especially the context of the proviso itself in which the words quoted are used, we think it clear the only object intended to be accomplished by the proviso was to prevent and forbid the entry of a personal judgment or decree upon mere constructive service, and that the words, "the defendant or defendants personally liable for the mortgage debt," have reference only to such defendant or defendants personally liable for the debt as are before the court for the purposes of foreclosure and upon equitable grounds.

We are of opinion it was error to enter a decree against appellant, Walsh, for the deficiency due and unpaid upon the mortgage debt, and award execution therefor against him. For this error the decree, as against him, is reversed.

*Reversed.*