[L. A. No. 388.   Department One.—May 24, 1898.]

PETER LOUSTALOT, Respondent, v. A. C. CALKINS et al.,
Appellants.

ACTION UPON NOTE—JOINDER OF MAKER AND INDORSERS—CONSTRUCTION OF
    CODE.—Section 383 of the Code of Civil Procedure, providing that
    "persons severally liable upon the same obligation or instrument,
    including the parties to bills of exchange and promissory notes and
    sureties on the same or separate instruments, may all or any of
    them be included in the same action at the option of the plaintiff,"
    is to be liberally construed as permitting the joinder in an action
    upon the note of the maker and indorsers of the note, as being par-
    ties thereto within the meaning of that section.

ID.—INDORSEMENT—GUARANTY.—Under section 3117 of the Civil Code "one
    who indorses a negotiable instrument before it is delivered to the
    payee is liable to the payee thereon as an indorser," and a person
    may be both an indorser under that section, and also a guarantor
    upon the same note.

ID.—CONSISTENCY OF FINDINGS—SUPPORT OF JUDGMENT.—Findings in an action
    upon a note against the maker and indorsers, to the effect that one
    of the defendants was an indorser, who had waived notice and
    protest, and also that he signed the note as a "guarantor," are not
    contradictory; and a judgment against him is sufficiently supported
    by the finding that he was an indorser, without regard to the effect
    of the other finding.

APPEAL from a judgment of the Superior Court of Santa
Barbara County.   John L. Campbell, Judge.

The facts are stated in the opinion of the court.

Parsons & Sherer, Sidney J. Parsons, and W. S. Day, for Ap-
pellants.

An indorser who waives notice and protest is a guarantor.
(*Ford v. Hendricks*, 34 Cal. 673; *First Nat. Bank v. Babcock*, 94
Cal. 103; 28 Am. St. Rep. 94.)   The maker and guarantor of a
note cannot be joined in the same action.   This is held under
the New York code from which our section 383 of the Code of
Civil Procedure was taken, and also in other states under
stronger and clearer statutes.   (*Phelan v. Dingee*, 4 E. D.
Smith, 379; *Tibbits v. Percy*, 24 Barb. 39; *Allen v. Fosgate*, 11
How. Pr. 218; *De Ridder v. Schermerhorn*, 10 Barb. 638; *Harris
v. Eldridge*, 5 Abb. N. C. 278; *Barton v. Speis*, 5 Hun, 60;
*Brown v. Champlin*, 66 N. Y. 214; *Graham v. Ringo*, 67 Mo.

324; *Cole v. Watertown Merchants' Bank,* 60 Ind. 350; *Leroy v. Shaw,* 2 Duer, 626; *Bondurant v. Bladen,* 19 Ind. 160; *Parmerlee v. Williams,* 71 Mo. 410; 9 Am. & Eng. Ency. of Law, 68; *Borden v. Gilbert,* 13 Wis. 670; *Virden v. Ellsworth,* 15 Ind. 144; *Columbian Hardwood Co. v. Langley,* 51 Ill. App. 100.)

Thomas McNulta, for Respondent.

Even if the indorser Calkins be considered a guarantor, this would not exempt him from liability to be sued jointly with the maker under our code. (Civ. Code, secs. 1308, 2807; Code Civ. Proc., sec. 383; *Fisk v. Miller,* 63 Cal. 368; *Chafoin v. Rich,* 77 Cal. 478; *Southern California Nat. Bank v. Wyatt,* 87 Cal. 617; *First Nat. Bank v. Babcock,* 94 Cal. 104; 28 Am. St. Rep. 94; *Fessenden v. Summers,* 62 Cal. 487; *Ford v. Hendricks,* 34 Cal. 673.)

GAROUTTE, J.—This appeal is prosecuted from the judgment without a bill of exceptions. The action is brought upon a negotiable promissory note against A. C. Calkins, J. B. Libeu, and J. W. Calkins, and a joint and several judgment was rendered against them. They now appeal and rely upon two grounds for a reversal of the judgment: 1. The demurrer of J. W. Calkins to the complaint should have been sustained; 2. The findings of the court are not sufficient to support the judgment.

The demurrer of J. W. Calkins declares there is a "misjoinder of parties defendant in that J. W. Calkins, an alleged and supposed guarantor, is joined with the principal promisors." The complaint alleges that the defendants A. C. Calkins and J. B. Libeu made their certain promissory note in words and figures following: It is further alleged that defendant J. W. Calkins then and there indorsed said note in the following words, to wit: "Waiving notice and protest. J. W. Calkins," "and that after the signing and indorsing of said note as aforesaid the said defendants did then and there deliver said promissory note to the plaintiff." Section 3117 of the Civil Code provides: "One who indorses a negotiable instrument before it is delivered to the payee is liable to the payee thereon as an indorser." Tested by this section of the code, the facts here alleged plainly place the defendant J. W. Calkins in the position of an indorser of the note. In

many jurisdictions he would be termed an anomalous or irregular indorser.

In speaking as to parties who may be joined as defendants, the Code of Civil Procedure, section 383, declares: "Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes and sureties on the same or separate instruments, may all or any of them be included in the same action, at the option of the plaintiff." By a liberal construction of this provision it may be fairly said that an indorser, such as this defendant Calkins, is a party to the promissory note. It is said in *Riggs v. Waldo,* 2 Cal. 487, 56 Am. Dec. 356: "Each one who writes his name upon it is a party to it, and from its original character each party to it is an original undertaker." The object of this section of the law is directed solely to the avoidance of a multiplicity of actions. And we see no substantial objection to the application of the rule to a case like the one at bar. Upon an examination of the authorities from other states having statutory provisions substantially similar to the one found in our code, we find those authorities preponderating to the effect that a guarantor and the maker of a promissory note may not be joined as parties defendant; but that question is not directly before us, and we pass it by for that reason. In this state from its earliest judicial history the makers and indorsers of negotiable promissory notes have been joined as parties defendant, and no question as to the correctness of the practice has ever been suggested. For this reason alone we feel constrained to give the statute a construction which it has tacitly borne for so many years. (See *Riggs v. Waldo, supra; Pierce v. Kennedy,* 5 Cal. 138; *Ford v. Hendricks,* 34 Cal. 673; *Jones v. Goodwin,* 39 Cal. 493; 2 Am. Rep. 473; *Fessenden v. Summers,* 62 Cal. 484; *Young v. Miller,* 63 Cal. 302.) The demurrer was properly overruled.

Are the findings of fact sufficient to support the judgment? The court made a general finding to the effect that all the allegations of the complaint were true. The allegations of the complaint which we have heretofore quoted, taken in connection with the additional fact that the note sued upon was negotiable in character, make J. W. Calkins an indorser under section 3117 of the Civil Code. He is also an indorser who has waived notice

and protest.  Being a proper party defendant it necessarily follows from these facts that the judgment against him is fully supported.  The court, in addition to these findings, also found as a fact that Calkins signed the note as a "guarantor."  And it is now insisted that such finding is contradictory to those findings showing him to be an indorser.  If a guarantor may be joined in this state with the maker of the note as a party defendant, then this finding gives a second ground for supporting the judgment, and that would be its only effect.  But, conceding for present purposes alone that the law as to proper pleading would forbid such joinder of defendants, still the two findings of fact are not at all contradictory.  A person may be an indorser upon a promissory note under the aforesaid section 3117, and also a guarantor upon the same note.  Here the court found the defendant to be an indorser, and that fact itself was sufficient to support the judgment.

For the foregoing reasons the judgment is affirmed.

Van Fleet, J., and Harrison, J., concurred.