[L. A. No. 485. Department Two.—September 7, 1899.]

ANTHONY G. HUBBARD, Respondent, v. UNIVERSITY BANK OF LOS ANGELES et al., Appellants.

FORECLOSURE OF MORTGAGE—JOINDER OF PARTIES—ENDORSERS OF NOTE.—In an action for the foreclosure of a mortgage securing the payment of a promissory note which was endorsed before delivery by third parties who waived demand and notice, the endorsers of the note may be properly joined as codefendants.

ID.—JUDGMENT FOR DEFICIENCY AGAINST ENDORSER.—In such action a judgment may be rendered and ordered docketed for the deficiency which may arise after sale of the mortgaged premises, against the endorsers as well as against the makers of the note.

ID.—ALLOWANCE OF ATTORNEY'S FEE—EXECUTION OF MORTGAGE BY CORPORATION — AUTHORITY FROM DIRECTORS — ADMISSIONS IN PLEADINGS.—Where the mortgage in suit expressly provided for the allowance of a reasonable attorney's fee, to be fixed by the court, the corporation defendant, in whose name the mortgage was executed, is bound by admissions in the pleadings that the corporation executed the mortgage, and that its execution was authorized by resolution of its directors; and it cannot claim that the resolution did not authorize the allowance of an attorney's fee.

APPEAL from a judgment of the Superior Court of Los Angeles County.  W. H. Clark, Judge.

The facts are stated in the opinion of the court.

R. Dunnigan, H. L. Dunnigan, and Dunnigan & Dunnigan, for Appellants.

E. R. Annable, for Respondent.

HENSHAW, J.—The action was brought upon a promissory note secured by mortgage. The University Bank, as maker, executed both the note and mortgage to the plaintiff as payee and mortgagee. Other of the defendants indorsed the note at the time it was made and before its delivery as follows: "Demand of payment, notice of dishonor, protest, and notice of protest hereby waived." The mortgage provided for a reasonable attorney's fee to be fixed by the court, and declared that the fee fixed should be deemed a lien upon the mortgaged premises secured by the mortgage. The complaint was verified. It pleaded that a thousand dollars was a reasonable sum to be allowed as attorney's fees. The only issue upon this point was a denial that such an amount was a reasonable amount. The foreclosure was decreed, the property ordered sold, and a judgment for any deficiency docketed against the appellants, the makers and indorsers of the note. The indorsers contend that they were improperly joined as codefendants in the action. They were properly joined. (Civ. Code, sec. 2117; Code Civ.

Proc., sec. 383; 3 Randolph on Commercial Paper, sec. 1660; Wiltsie on Mortgage Foreclosure, sec. 208.)

It is next contended that no attorney's fee should have been allowed. Herein it is argued that the resolution of the corporation authorizing the execution of the mortgage and mortgage note to plaintiff did not authorize the payment of an attorney's fee; but the complaint, which was verified, averred that plaintiff agreed with the bank "that if it would cause to be executed and delivered to him a certain indorsed note and collateral mortgage in manner and form as it subsequently did execute and deliver said instruments, as hereinafter stated, that he would make such loan to it," et cetera. It is then averred that "the defendant corporation, in response to plaintiff's proposal, did then and there duly adopt and pass a certain resolution authorizing the execution of a mortgage to plaintiff, said mortgage to contain the covenants, terms, and provisions set forth in the draft of mortgage proposed and submitted to this board by the said Anthony G. Hubbard," and further, "that the bank did, pursuant to the proposals and demands of the plaintiff made as aforesaid, execute and deliver unto him the mortgage set forth." There is no question but that the mortgage executed by the bank did provide for the payment of attorney's fees, and that the fee allowed by the court should be secured by the mortgage. The averments above quoted are sufficient to charge the corporation with the execution of this particular mortgage, and, as they are not denied, the defendants are bound by them.

We think the court correctly construed the collateral agreement, and that the judgment rendered was not in excess of the sum actually due.

The judgment appealed from is affirmed.

Temple, J., and McFarland, J., concurred.