[S. F. No. 1807.    Department One. — April 26, 1901.]

## C. F. BUNKER, Respondent, v. G. W. OSBORN, Appellant.

PROMISSORY NOTE — EXECUTION BY MINING CORPORATION — INDORSEMENT BY PAYEES —.IMPLIED WARRANTY. — The indorsement by the payees of a note purporting to be executed by a mining corporation makes the indorsers liable to the final payee, whether it was in fact legally executed by the corporation or not. The indorsers impliedly warranted by the indorsement that the note was in all respects what it purported to be, and that the prior signatures were binding.

ID. — ACCOMMODATION INDORSEMENT — JOINT LIABILITY — PRESUMPTION — CONTRIBUTION. — The fact that the payees who jointly indorsed the note were accommodotion indorsers for the corporation, is immaterial as respects their joint liability to their indorsee, which is presumed to be equal, where the contrary does not appear; and one of them, who pays the note to the indorsee, is entitled to recover contribution of one half of the amount from his co-indorser.

ID. — ACTION FOR CONTRIBUTION — AVERMENT OF ACCOMMODATION INDORSEMENTS — FINDING — SURPLUSAGE. — In the action for contribution, an averment in the complaint and a finding as to the accommodation character of the indorsements may be disregarded as surplusage.

ID. — CONSIDERATION — FIRST NOTE RENEWED — MONEY BORROWED FOR CORPORATION — MONEY IN TREASURY AT DATE OF LOAN. — The fact that the mining corporation had money in its treasury at the date when a first note was executed for its use by plaintiff and defendant, which formed the consideration for the new note in question, does not show that the money borrowed on the first note at that date was not obtained for the benefit of the corporation, which it may have needed for additional purposes; and where it appears without conflict that the money obtained on the first note was

actually checked out and paid to the mining company, it is established that the money was obtained for its benefit.

ID. — PLAINTIFF NOT BENEFITED — SETTLEMENT WITH CORPORATION AT DATE OF FIRST NOTE. — Where it appears that the plaintiff derived no personal benefit from the giving of either of the two notes, and that a settlement made between plaintiff and the corporation at the date of the first note executed for its benefit did not include that note, his cause of action for contribution upon the new note is not affected by the settlement.

ID.—STATUTE OF LIMITATIONS — ACCRUAL OF CAUSE OF ACTION. — The statute of limitations did not begin to run against the cause of action for contribution against defendant, as co-indorser, until the new note was paid by the plaintiff; and if the complaint was filed within two years thereafter, the cause of action is not barred by subdivision 1 of section 339 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. M. Troutt, Judge.

The facts are stated in the opinion.

Naphtaly, Freidenrich & Ackerman, for Appellant.

T. M. Osmont, and F. J. French, for Respondent.

GRAY, C. — An instrument dated February 16, 1894, purporting to be the promissory note of the Boyle Mining Company (a corporation) for three thousand dollars, besides interest, payable ninety days after date, to the order of G. W. Osborn and Alfred Gonzalez, was by the said payees, on the date of said note, duly indorsed to Wells, Fargo & Co.'s Bank (a corporation). After the said note was due, by its terms, Gonzalez paid the amount thereof to said last-named corporation. This suit was brought by the assignee of Gonzalez to enforce contribution from Osborn of one half of the amount so paid by Gonzalez. Plaintiff had judgment as demanded in his complaint, and the defendant appeals from said judgment and from an order denying him a new trial.

The note of February 16, 1894, was executed and delivered for the purpose of paying and discharging a previous note of date November 21, 1889, which the Wells, Fargo & Co.'s Bank held against Gonzalez and Osborn. Osborn was president and Gonzalez was secretary of the said Boyle Mining Company, and it appears that on their said personal note of November

21, 1889, they had borrowed three thousand dollars from the said bank, all of which had been paid out to the use and for the benefit of the said Boyle Mining Company. On the receipt of the note of the Boyle Mining Company the bank surrendered the earlier note of Gonzalez and Osborn. Attached to the note of 1894 was a copy of the resolution of the mining company authorizing its execution. This resolution was certified by Osborn as president and Gonzalez as secretary to have been duly passed at a regular meeting of the board of directors of said corporation, and that "said meeting of the board of directors was duly and regularly called and held." The name of the mining company was signed to the note by Osborn as president and Gonzalez as secretary. A waiver of demand, protest, and notice was indorsed upon the note, and signed by Gonzalez and Osborn.

1. On the foregoing state of facts it is immaterial whether the note of 1894 was legally executed by the said mining company; Gonzalez and Osborn, as indorsers, were liable to the payee, whether it was so executed or not. Indorsers impliedly warrant that the note "is in all respects what it purports to be," and "that the signatures of all prior parties are binding upon them." (Civ. Code, secs. 3116, 3117.)

2. It is likewise immaterial whether the indorsement was for the accommodation of the Boyle Mining Company or not. The parties had jointly indorsed the note, and the presumption arising from that fact is, that they were equally liable, and there is nothing in the record to rebut that presumption. One of them having paid the entire amount due on the note, he was entitled to contribution of one half that amount from his co-indorser. (Civ. Code, sec. 1432.)

The allegation in the complaint as to the accommodation character of the indorsements was not essential, and the complaint being good without it, it may be disregarded as surplusage; and the finding on the same subject may be treated the same way.

3. Appellant contends that the account introduced in evidence on the cross-examination of Gonzalez shows that at the time the 1889 note was given to Wells, Fargo & Co.'s Bank, the mining company was not in need of funds, but had a surplus of about three thousand dollars in its treasury, and from this it is argued that the three thousand dollars received on the said note was not obtained for its benefit. The evidence, how-

ever, is not only to the effect that the three thousand dollars was in the first instance obtained for the use of the mining company, but that it was actually checked out in execution of that purpose. The fact, if it be a fact, that the company had three thousand dollars in its treasury on November 21st would not prevent its treasurer from obtaining three thousand dollars more. All this surplus might be necessary to meet demands expected to accrue in the near future. The evidence shows without conflict that the money obtained on the first note to the bank went to the mining company. There is nothing in the case to show that Gonzalez derived any benefit, personally, from the giving of either of the two notes to the bank. It is true that by the giving of the second note he was released from liability on the first, but it seems that in this he had not bettered his position, as his liability on the second note was as great as on the first.

It is also urged by appellant that every claim which Gonzalez had against the mining company was settled, included in, and paid off by said company by its note for $14,066.91, given to Gonzalez on February 16, 1891. It is sufficient to say, as to this, that the testimony of Gonzalez is to the effect that the three-thousand-dollar note involved in this case was not included in the said note of February 16, 1891, and the court found in accordance with this testimony, that "neither is it true that plaintiff's claim sought to be recovered herein was included in any settlement ever had or made between him and said company."

4. The cause of action is not barred by subdivision 1 of section 339 of the Code of Civil Procedure, because the statute did not begin to run until the note of 1894 was paid by Gonzalez. The note was so paid, as shown by the testimony of Stein, on June 19, 1896, and this suit was commenced August 28, 1897. (*Richter* v. *Henningsan*, 110 Cal. 530.) Other points urged by appellant are not of sufficient importance to demand special notice.

The judgment and order appealed from should be affirmed.

Smith, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Garoutte, J., Van Dyke, J., Harrison, J.