[Civ. No. 1436. Third Appellate District.—February 14, 1916.]

## GEORGE H. RUCKER, Respondent, v. SAMUEL CARPENTER, Appellant.

PROMISSORY NOTE—INDORSEMENT—PASSING OF TITLE.—The signature of the payee of a promissory note on the back below the words "demand, notice and protest waived" constitutes a sufficient indorsement to pass the title to the holder.

ID.—EVIDENCE—ASSIGNMENT—TIME OF.—In an action on a promissory note, it is not error to allow the plaintiff to testify, over objection, when and where the note was assigned to him, the objection not being that the question assumed an assignment made, where the witness testified that the note was assigned to him for a valuable consideration and had never been paid.

APPEAL from a judgment of the Superior Court of Siskiyou County, and from an order denying a new trial. James F. Lodge, Judge.

The facts are stated in the opinion of the court.

L. F. Coburn, for Appellant.

James D. Fairchild, for Respondent.

CHIPMAN, P. J.—Plaintiff alleges in his complaint that, on May 20, 1913, at Charlestown, West Virginia, defendant executed and delivered to J. R. Pentuff his promissory note in words and figures following:

"$600.00.         Charlestown, W. Va., May 20th, 1913.

"Six months after date, I promise to pay to the order of J. R. Pentuff, Six Hundred Dollars for value received, negotiable and payable at the Farmers and Merchants Deposit Co., Charlestown, W. Va.

"SAMUEL CARPENTER,<br>"Post office, Gazelle, Cal."

That, prior to the commencement of this action, for a valuable consideration, said J. R. Pentuff sold, assigned, and transferred said promissory note to plaintiff, and plaintiff ever since has been, and now is, the owner and holder thereof; that at maturity, to wit, on November 20, 1913, said note was presented at said Farmers and Merchants' Deposit Company, at

Charlestown, West Virginia, to defendant for payment but payment was not made; that due notice thereof was given to said Pentuff; that defendant has not paid said note or any part thereof to said Pentuff or to plaintiff, and the whole thereof is due, owing, and unpaid, together with interest at seven per cent per annum from said May 20, 1913, amounting to $58.80.   The complaint is verified.

A general demurrer to the complaint was overruled and defendant answered: Denied the alleged sale and transfer of said note and plaintiff's alleged ownership thereof, but did not deny its execution and delivery; denied, on information and belief, that said note was presented for payment or that due notice thereof was given to said Pentuff as alleged in the complaint; denied that "said note was ever presented to him in person at any time or place."   For further answer, alleged that said note was given by defendant to said Pentuff as security for the payment of three hundred dollars and no more; that three hundred dollars was all the money or thing of value received by defendant for said note.

A jury was waived and the court tried the cause and made the following findings: That defendant executed and delivered the note as alleged in the complaint, setting out the note in the findings; that, prior to the commencement of the action, said Pentuff sold and transferred said note to plaintiff, who ever since has been, and now is, the owner and holder thereof, and that at its maturity as alleged in the complaint the note was presented for payment as alleged and was not paid, and that due notice thereof was given said Pentuff and that neither said Pentuff nor defendant has paid the same nor any part, but the whole thereof is due and unpaid, together with interest at six per cent per annum from May 20, 1913.   Thereupon judgment was duly entered for the sum of $670.40 and costs, amounting to $14.25.

Defendant appeals from the judgment and the order denying his motion for a new trial, and brings up the record under the alternative method.

The testimony was taken by deposition.   Plaintiff testified that he is the holder and owner of the promissory note attached to his deposition, which reads as set out in the complaint and was thus indorsed: "May 22, 1913.   Demand, notice and protest waived.   J. R. Pentuff."   Also indorsed with rubber stamps under the foregoing as follows: "Pay to the

order of any Bank, Banker or Trust Co., prior indorsements guaranteed, Nov. 11th, 1913, the Arlington National Bank, 69–424, of Rosslyn, Va., 68–424, G. T. Merchant, Cashier." Plaintiff testified to the genuineness of Pentuff's signature. He was asked the following question: "When and where was said note assigned to you?" To which defendant objected "on the ground that it called for the conclusion of the witness, that it was incompetent, and not the best evidence." The objection was overruled and defendant excepted. Plaintiff answered: "May 22, 1913, at Arlington National Bank, Rosslyn, Va." He testified further, without objection, that "the note was assigned for a valuable consideration"; that it was cashed and he paid the money to Pentuff, and neither defendant nor anyone else "has ever made any payment on account of said note and that the note was protested." The note was then offered in evidence as above set out, to which defendant objected on the ground "that the same was not indorsed by Pentuff and further that it appears that the Arlington National Bank, on November 11, 1913, had indorsed it payable to any bank, banker or trust Co. and that no bank, banker or trust Co. had subsequently indorsed the same to anyone or at all; that the same was incompetent, irrelevant and immaterial." The objection was overruled and defendant excepted.

On cross-examination plaintiff testified as follows: "The arrangements regarding said note other than appears thereon was Pentuff gave his note for 90 days, putting up this note as collateral with the understanding that the Pentuff note should be renewed at the expiration of 90 days, and at maturity of the Carpenter note, Pentuff's note was to be paid, the Pentuff note was not paid. The consideration on my part for the note was: That Mr. Pentuff represented himself to be a preacher, saying he ran a female seminary, saying that he had to take a great many notes in settlement of tuition fees and therefore had to use some of the notes in other banks than those at Charlestown, West Virginia, where his seminary was. I paid Pentuff five hundred dollars in cash and was to refund him the difference when Carpenter's note was paid. It is not a fact that the note in question was delivered to me in pledge by Pentuff as security for money by him borrowed from me. The Carpenter note was the one offered for discount and the Pentuff note was subsequently added only be-

cause of the rule of the bank, that no paper could be discounted when running for more than 90 days, therefore the Pentuff note was made for 90 days and renewed for a like period to mature with the Carpenter note. The Pentuff note has never been paid.''

Defendant, called as a witness in his own behalf, was asked the following question: "For what purpose did you give this note sued on in this case?" Plaintiff objected on the ground that "it calls for a conclusion of the witness and is an attempt to vary the terms of a written instrument." The objection was sustained and defendant excepted. He was also asked whether he received anything except three hundred dollars as a consideration of the note, to which objection by plaintiff was sustained, and exception noted, on the alleged ground that it was an attempt to vary the terms of a written instrument. He testified, on cross-examination, that "he never received a notice of protest," and that he "signed the note in question." He gave no further testimony.

Pentuff, payee of the note, was called as a witness for defendant and was asked the following questions: "Did you ever indorse that note to the plaintiff?" To which plaintiff objected that "it called for a conclusion of the witness and tended to vary the terms of a written contract." Objection sustained and exception taken. "Q. Did you ever sell, assign, or transfer that note to the plaintiff in writing?" To which a like objection was made and sustained, defendant excepting. On cross-examination he testified: "Defendant never paid me any part of this note, plaintiff never made any demand upon me for the payment of this note. No part of this note has been paid to me." The foregoing is all the evidence in the case appearing in the transcript.

We will notice the points now urged in defendant's brief. The introduction of the note was objected to on the ground that it had not been indorsed by the payee, and that the only indorsement was to a "bank," etc., which had not indorsed the note to plaintiff. It is contended that the words, "demand, notice, and protest waived," did not constitute an indorsement. In *Loustalot* v. *Calkins,* 120 Cal. 688, [53 Pac. 258], the words, "waiving notice and protest" above the payee's signature on the back of the note was held to be an indorsement as defined in section 3117 of the Civil Code. (See *Bunker* v. *Osborn,* 132 Cal. 480, [64 Pac. 853].) The

question here is not whether Pentuff became liable by the indorsement as an indorser or as an assignee, a distinction sometimes arising out of the form of the indorsement. The question is, Did it have the effect to pass title to the holder? Pentuff is not a party to the action and is not concerned in it. An assignment would follow by implication by the mere signature. The writing over the signature does not destroy the assignment which the law imports from the signature *per se.* (1 Daniel on Negotiable Instruments, sec. 688c.) The words preceding the signature were not meant to apply to the indorser. He intended to waive demand, notice, and protest in favor of the holder by virtue of his indorsement. In other words, he in effect assigned the note and waived demand, notice, and protest upon him. (*Hendrix* v. *Bauhard,* 138 Ga. 473, [Ann. Cas. 1913D, 692, 43 L. R. A. (N. S.) 1028, 75 S. E. 588], cited by respondent.) The indorsement was in blank, i. e., to no particular person, and the note became payable to bearer. (1 Daniel on Negotiable Instruments, sec. 693 ) The subsequent indorsement by the Arlington National Bank did not affect plaintiff's right as holder and owner of the note, and that he was the owner and holder was undisputed. He could strike out any subsequent or intermediary indorser. (Id., sec. 694a.) The note was properly admitted in evidence.

It was not error to ask plaintiff when and where the note was assigned to him. The objection was not that the question assumed an assignment made and did not call for the conclusion of the witness. Without objection the witness testified that the note was assigned to him for a valuable consideration and has never been paid. On his cross-examination he explained all the facts, and they were not disputed. When Pentuff was testifying he was asked, "Did you ever indorse that note to the plaintiff?" and "Did you ever sell, assign, or transfer that note to the plaintiff in writing?" These questions were put to the witness upon defendant's theory that the indorsement did not amount in law to a transfer. The witness was not asked whether his signature on the back of the note was genuine. The question called for the opinion of witness whether he had "assigned the note in writing to plaintiff," which called for a conclusion. Counsel could have brought out all the facts, had he so desired, from which the court could have determined whether an assignment had been

made. Furthermore, the fact that Pentuff had indorsed the note as shown was not disputed, and hence it was not allowable for him to testify as to its effect, nor could he under the general denial of assignment, having alleged no matter by way of special defense, call the assignment in question. (*Giselman* v. *Starr,* 106 Cal. 651, 658, [40 Pac. 8].)

Appellant complains that he was by the ruling of the court deprived of the opportunity to prove by Pentuff that but three hundred dollars was given to him. Counsel says: "Where there is any doubt of the intention of Pentuff in affixing his signature to the back of that note, his testimony ought to have been allowed to clear it up." We do not doubt that the court would have permitted defendant to show by Pentuff just what the transaction was, but no other questions were asked him— the purpose of counsel apparently having been to get from the witness an opinion as to whether what he did amounted to an assignment.

We discover no prejudicial error in the record.

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.