[Civ. No. 2078.  Third Appellate District.—January 23, 1920.]

LUCY M. TITUS, Respondent, v. RICHARD S. WOODS et al., Defendants; GUARANTEE MORTGAGE COMPANY OF SAN DIEGO (a Corporation), Appellant.

[1] MORTGAGES — GUARANTY OF PAYMENT BY ASSIGNOR — ACTION TO FORECLOSE — PARTIES — JUDGMENT.—Where a mortgagee assigns a note and mortgage and, for a valuable consideration, guarantees the payment of the note, in a subsequent action by the assignee to foreclose the mortgage such mortgagee may properly be joined with the makers of the note as a party defendant and a deficiency judgment be docketed against it therein.

APPEAL from a judgment of the Superior Court of Orange County. W. A. Sloane, Judge. Affirmed.

The facts are stated in the opinion of the court.

Sweet, Stearns & Forward for Appellant.

Wirt Francis and Ralph E. Jenney for Respondent.

BURNETT, J.—The action was brought to foreclose a mortgage made by the defendants, Richard S. Woods and Mary C. Woods, to appellant Guarantee Mortgage Company of San Diego, to secure the payment of a promissory note of $1,250 and interest, dated March 29, 1912. The complaint alleges that the note and mortgage were assigned by appellant to the plaintiff by an instrument in writing on the seventeenth day of July, 1912, and "that at the time of the assignment of said note and mortgage as aforesaid, the said defendant, Guarantee Mortgage Company of San Diego, for a valuable consideration guaranteed the payment of said promissory note." To the complaint the appellant demurred on the grounds: "That it did not state a cause of action against the appellant; that there is a misjoinder of parties defendant in that the appellant was improperly made a party thereto and improperly united as a defendant with the makers of the mortgage as well as with the other defendants; that there is a misjoinder of causes of action in the complaint in that a cause of action against appellant as a guarantor is improperly united with one for the foreclosure of the mortgage; that a cause of action against the appellant on a contract of guarantee was improperly united with a cause of action against the makers of the promissory note," and that the complaint was uncertain and ambiguous for certain reasons therein enumerated. The demurrer was overruled and appellant declined to answer. Judgment of foreclosure was rendered August 29, 1917, in which the clerk of the court was ordered to docket a judgment for any deficiency that might remain unpaid of the indebtedness secured by the mortgage after the sale of the mortgaged land. The mortgaged property was sold, a deficiency reported by the commissioner, and deficiency judgment was docketed against appellant on October 10, 1917. From these judgments the appeal has been taken.

[1] We understand that the only ground of demurrer upon which appellant really relies as possessing merit is that, as a guarantor of the payment of said note, it was improperly joined with the makers thereof in the suit to fore-

close the mortgage. The argument is that the liability of appellant was based upon an entirely different obligation from that of the makers of the note, it having been held by the supreme court of this state "That there is no privity or mutuality or joint liability between the principal debtor and his guarantor." In other words, the appellant as a guarantor made an entirely independent contract upon which he was liable without regard to the foreclosure of the mortgage as against the principal debtors. (*Bull* v. *Coe*, 77 Cal. 54, [11 Am. St. Rep. 235, 18 Pac. 808]; *Adams* v. *Wallace*, 119 Cal. 67, [51 Pac. 14]; *Kinsel* v. *Ballou*, 151 Cal. 754, [91 Pac. 620].)

The character of the obligation of a guarantor is also carefully considered in the case of *Cooke* v. *Mesmer*, 164 Cal. 332, [128 Pac. 917], an action brought against the guarantors of the payment of certain notes, and the court said: "It is thoroughly settled that an action on such a guaranty is one upon an independent contract of the guarantor, with which the principal debtor has nothing to do." We may add that the same principle appears in the provisions of the Civil Code, section 2806 et seq.

From the foregoing it would follow, of course, that an action could be brought against the guarantor without joining the maker or any other party to the note as a defendant, and it is urged by appellant that a guarantor has the right to insist that he be sued alone. Many authorities are cited in support of the claim, but to make proper application of the doctrine therein announced, not only the peculiar facts of each instance, but also certain statutory provisions of the various jurisdictions must be considered. For example, in *Cottrill* v. *New London Furniture Co.*, 94 Wis. 176, [68 N. W. 874], the supreme court of Wisconsin held that the guarantor of a mortgage note was improperly joined with the maker in the foreclosure suit for the reason that the case was simply a guaranty of "the collection of the note," and, therefore, the guarantor did not become liable on his contract of guaranty until the guarantee had "exhausted all the remedies which the law gives him for the collection of his debt from the principal debtor without avail. This means the prosecution of a suit against such principal debtor to judgment and execution." It was further held that in the foreclosure of the mortgage it was im

proper to enter a deficiency judgment against said guarantor, for the reason that the statute in that state permitted such judgment only against the party "personally liable for the debt, and that the guarantor was not thus personally liable, but his obligation did not arise until the remedies against the mortgagor had been exhausted." The difference between the obligation of the guarantor in that case and in this leaves the decision without much value herein. Other citations could be easily distinguished, although some, like *Walsh* v. *Van Horn,* 22 Ill. App. Rep. 170, involve a situation closely analogous to this.

On the other hand, respondent finds comfort in the statement of the rule by the leading text-writers. For instance, in 2 Jones on Mortgages, section 1710, this is declared: "A personal judgment for a deficiency may be had against one who in assigning a mortgage has made a guaranty of it." Again, in section 1432: "But where the court has power to decree the payment of any deficiency there may be after the sale of the property as well against a third person as against the mortgagor, then a mortgagee who has assigned his mortgage and guaranteed the payment of it or any other person who has become a guarantor or surety of the debt, is a *proper* though not a *necessary* party to a suit to foreclose the mortgage."

Pomeroy in his Code Remedies (fourth edition, section 231) treats at length the subject of necessary and proper parties to foreclosure proceedings and says: "Those persons who own or have an estate in the land to be sold under the decree, and those who, in the original creation of the debt, or by any subsequent assumption of it are debtors to the mortgagee, and, therefore, liable to a personal judgment for a deficiency, have an interest in the controversy adverse to the plaintiff, and are beyond doubt necessary parties, if the plaintiff desires to obtain all the relief which the law affords him, namely, of sale and personal judgment for deficiency." The learned author concludes that the doctrine is universally established that "all who are personally liable for the debt secured by the mortgage, may generally be united as defendants; and must be made defendants if the plaintiff seeks to obtain a decree affording him all the relief which the court can grant."

In Wiltsie on Mortgage Foreclosure (third edition, section 253) it is said: "An assignor of a mortgage, who, in the assignment or by a separate instrument, guarantees the payment or collection of the mortgage, is personally liable to his assignee, and may be made a defendant to an · action for foreclosure, for the purpose of recovering against him a judgment of deficiency. In those states where no provision is made for the recovery of a personal judgment in an action ·to foreclose a mortgage, such a guarantor cannot, of course, be made a party to the action; the only remedy against him is a separate action at law. . . . In actions at law, a distinction is made between a guaranty of *payment* and of *collection;* but in the equitable action of foreclosure, if a party is in any way liable for the debt, he can be made a defendant."

It is no doubt true that in equity the rule as to proper parties is more liberal and comprehensive than prevails at law. It arises, of course, from the purpose of equity to avoid a multiplicity of suits and to settle for all time, as far as possible, any controversy as to the subject matter of the action. In view of this principle, a guarantor of the mortgage debt might be made very properly a party to the foreclosure, even though the practice might be otherwise if the action were purely one at law.

This consideration, as well as the provisions of the statute and the terms of the particular guaranty, must be kept in view in consulting the various decisions on the subject.

In this case there seems to be no direct adjudication of the question before · us, although it has been held that the liability of a general guarantor is substantially the same as that of an indorser and that it is proper to join the latter in an action with the maker of the note. (*Riggs* v. *Waldo,* 2 Cal. 485, [56 Am. Dec. 356]; *Reeves* v. *Howe,* 16 Cal. 152; *Eastman* v. *Turman,* 24 Cal. 382; *Jones* v. *Goodwin,* 39 Cal. 493, [2 Am. Rep. 473]; *Loustalot* v. *Calkins,* 120 Cal. 688, [53 Pac. 258]; *Hubbard* v. *University Bank of · Los Angeles,* 125 Cal. 684, [58 Pac. 297].) It is true, however, that in the Loustalot case, *supra,* the court said: "Upon an examination of the authorities from other states having statutory provisions substantially similar to the one found in our code, we find those authorities preponderating to the effect that a guarantor and the maker of a

45 Cal. App.—35

promissory note may not be joined as parties defendant; but that question is not directly before us, and we pass it by for that reason." But the court held that section 383 of the Code of Civil Procedure should be given a liberal construction so as to include the indorser Calkins. The language of said section is: "Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes and sureties on the same or separate instruments may all or any of them be included in the same action at the option of the plaintiff." If the liability of the indorser and the guarantor is substantially the same, there would seem to be as much reason for including and classifying one as the other among the parties to the note.

Be that as it may, we feel satisfied that, by implication at least, section 726 of the Code of Civil Procedure authorized the plaintiff to include appellant as a party defendant. Said section provides that if the proceeds of the sale in foreclosure "are insufficient, and a balance still remains due, judgment must then be docketed by the clerk in manner provided in this code for such balance against the defendant or defendants personally liable for the debt." Of course, judgment could not be docketed against a person liable for the debt unless he was made a party defendant; and since appellant herein, as guarantor, was clearly liable for the debt, does not the quoted language warrant the course that was pursued in joining said parties?

But regardless of the terms of the statute, it seems clear that, in an action to foreclose, the guarantor of the note is a proper party, for the reason that he is interested in the account to be taken in the suit of the amount due, the payment of which he has guaranteed. He is certainly vitally interested also in the foreclosure sale in which the proceedings may result; that it shall be lawfully and properly conducted and that the property shall be sold for as much as possible in order that his own liability may be minimized or averted. (*Jordan* v. *Wiswall*, 24 N. J. Eq. 267.) Indeed, as a matter of practical importance, it is rather a favor than otherwise, in a case like this, to join the guarantor with the maker of the note. He is thus afforded an opportunity to aid the plaintiff in securing, if possible, the payment of the entire indebtedness from the principal debtor. On prin-

ciple there would seem to be greater reason for not joining a surety, since he has a right to insist that the creditor exhaust his remedies against the original debtor. But since in the first instance the guarantor herein could have been sued alone for the entire debt, it is at least true that no prejudice has resulted from said ruling of the court.

The judgments are affirmed.

Ellison, P. J., *pro tem.*, and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 22, 1920.

All the Justices concurred, except Wilbur, J., who was absent.