[Civ. No. 2548. Third Appellate District.—July 27, 1923.]

RICE SECURITIES COMPANY, Respondent, v. CLARA DAGGS et al., Defendants; W. H. NEWTON, Appellant.

[1] GUARANTY—PAYMENT OF DEBT—WHEN LIABILITY ATTACHES—DEFAULT—PLEADING—PARTIES.—Where a guarantor guarantees the payment of a debt, and not merely the collectibility thereof, his liability therefor attaches the moment that the principal debtor defaults in the payment of the debt; and, under section 383 of the Code of Civil Procedure, such a guarantor may be joined as a party defendant with the principal debtor in an action to enforce payment of the debt.

APPEAL from a judgment of the Superior Court of Kings County. M. L. Short, Judge. Affirmed.

The facts are stated in the opinion of the court.

Clark Clement for Appellant.

J. C. C. Russell for Respondent.

HART, J.—On the thirteenth day of June, 1921, the defendants, Daggs and Newton, entered into a written contract, whereby the first named purchased from the last named a Stutz automobile for the sum of two thousand eight hundred dollars, of which the sum of one thousand dollars was paid on the execution of the contract and the balance to be paid on the thirteenth day of October, 1921, the deferred payment to draw interest at the rate of eight per cent per annum, payable monthly. The agreement, among other things, provides that the title to the automobile shall remain in the seller until the purchaser has made all payments thereby required; that, in case any such payments were not made at or within the time stipulated therein, the seller may declare the entire balance of the purchase price and accrued interest due and payable without notice or may take immediate possession of said automobile, etc.; that the seller may assign

---

1. Contract of guaranty, note, 105 Am. St. Rep. 502.

and transfer the agreement to a third party. Time is made of the essence of the agreement.

The complaint alleges that on the date of the execution of said agreement, to wit, the thirteenth day of June, 1921, the defendant, W. H. Newton, assigned and transferred to the plaintiff all of his right, title, and interest in and to said agreement; that said assignment was and is attached to said contract, and reads, in part, as follows:

"For Value Received, the undersigned does hereby sell, assign and transfer to Rice Securities Co. his, its or their right, title and interest in and to the within agreement, the property therein described and all moneys to become due thereunder and hereby guarantees that the purchaser will make prompt payment of all of said moneys and will fully perform each and every term thereof.

"The undersigned hereby consents that Rice Securities Co. may extend the time within which payments may be made under said agreement, and that Rice Securities Co. may waive the performance of such other terms and provisions therein as he may determine.

"The foregoing shall inure to the benefit of the successors and assignees of said Rice Securities Co.

"Dated at Hanford, California, this 13th day of June, 1921.

"W. H. Newton.

"(Seller Sign Here.)"

The complaint alleges that the balance due under said contract was payable on the thirteenth day of November, 1921, the time for payment of the said balance and the accrued interest having been extended by plaintiff to the date just mentioned; that "said defendants, or either of them, have not paid the plaintiff the sum due upon said contract and that said plaintiff has elected that the whole of said sum, together with interest, is due and payable"; that said sum with interest thereon from the thirteenth day of January, 1922, and a reasonable attorney's fee "still remain due, owing, unpaid, and payable."

The defendants each demurred to the complaint on the general ground, the defendant Newton, specially as follows:

"That there is a misjoinder of parties defendant, in that defendant, W. H. Newton, is joined as a defendant with the defendant, Clara Daggs, when it appears from said com-

plaint that the said Clara Daggs is the only principal debtor, and that the said W. H. Newton is only guarantor, and that there is no joint liability resting on said defendants.''

The said demurrer was overruled and Newton answered, admitting all the allegations of the complaint, but setting up as a special defense the alleged misjoinder of parties defendant in language substantially the same as that in which the same ground was set forth in his demurrer.

The defendant Daggs also demurred on special grounds, and the same was overruled. She failed to answer the complaint and judgment was taken against her by default.

Findings were waived by the parties and judgment passed for the plaintiff.

The defendant Newton appeals from said judgment upon the judgment-roll alone.

[1] The special ground of the demurrer and of the answer interposed by the defendant Newton presents the only point urged for a reversal, to wit: That there is a misjoinder of parties defendant in this: that the obligation of the principal debtor and that of the guarantor are separate and distinct and independent obligations; that, therefore, there is no joint liability upon them and hence they cannot properly be jointly sued on an obligation as to which two different, distinct, and independent liabilities have been created.

There can be no controversy upon the proposition that a guaranty is an independent contract—''that is, entirely independent of any contract of debt the payment of which is thus assured.'' (Civ. Code, sec. 2787; *Kelley* v. *Goldschmidt*, 47 Cal. App. 38, 42 [190 Pac. 55].) And, in the absence of statutory authority therefor, the principal debtor and his guarantor could not properly be joined in an action to recover the debt to guarantee the payment of which the guaranty was given, although, it is to be observed, to require the creditor in a case where the guaranty is of the payment of the debt to proceed first against the principal debtor and then, finding his action unavailing in the matter of securing satisfaction of his judgment, require him to sue the guarantor to obtain satisfaction of the same debt, does not harmonize entirely with the spirit or one of the primary purposes of the code system, viz., to obviate the necessity of bringing and prosecuting a number of different actions for the establishment of a single right or the redress of a single

wrong. As to the redress of wrongs, it is to be remarked that the right to join two or more parties in an action by a third party for personal injuries received through the concurrent negligence of such parties has for many years been recognized in California, and this is even so where the respective duties of the parties to the injured party are separate and disconnected, and the negligence of each was without concurrent understanding but where each several negligence, joined together, proximately caused the injury. (See cases cited in the footnotes under section 414 of Kerr's Code of Civil Procedure.) In such case, of course, the plaintiff, although securing a separate judgment against each of the defendants, would be entitled to but one satisfaction. On principle, it would seem that the same rule should apply to actions sounding in contract, where, as here, the liability, though separate and independent, arises from precisely the same right or debt, and where the guarantor, as here, guarantees the payment and not merely the collectibility of the debt. But there is no necessity for abstract reasoning on this proposition, for there are decisions in this state which, construing the code sections bearing upon the question, hold that in certain indicated instances the principal debtor and the guarantor may be united as parties defendant in an action to enforce payment of the debt.

Section 383 of the Code of Civil Procedure contains, among others, the following provision: "Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and sureties on the same or separate instruments, may all or any of them be included in the same action, at the option of the plaintiff; and all or any of them join as plaintiffs in the same action, concerning or affecting the obligation or instrument upon which they are severally liable."

Under section 2807 of the Civil Code, the owner of the debt the payment of which is guaranteed is not required to proceed first against the principal debtor to secure payment of the debt before the right to sue the guarantor accrues to him. He may, upon the default of the principal, proceed at once against the guarantor. Said section provides: "A guarantor of payment or performance is liable to the guarantee immediately upon the default of the principal, and without demand or notice."

The above section would perhaps not apply where the guarantor merely guaranteed the collectibility of a debt, for, in that case, it would be, in the very logic of the situation, the duty of the creditor to exhaust all available means for enforcing payment of the debt by the principal debtor before proceeding against the guarantor. And, for that reason, the principal debtor and the guarantor could not properly or consistently be joined in an action by the creditor to collect the debt. Here, however, the guarantor guaranteed the *payment of the debt,* and his liability therefor attached the moment that the principal debtor defaulted in the payment thereof. We know of no good reason why, in such a case, section 383 of the Code of Civil Procedure should not be held to apply, and, as stated, there are cases which so hold. In *Rodabaugh* v. *Kauffman,* 53 Cal. App. 676 [200 Pac. 747], in which a hearing was denied by the supreme court, the court of appeals of the first district, dealing with an action on a promissory note in which the maker and the guarantor of the payment of said note were jointly sued, stated the rule as follows: "If the guaranty is on the same instrument the guarantor is properly joined as a party with the maker of the note. (Sec. 383, Code Civ. Proc.; *Melander* v. *Western Nat. Bank,* 21 Cal. App. 462, 471 [132 Pac. 265]; *Titus* v. *Woods,* 45 Cal. App. 541 [188 Pac. 68].) Here, though the guaranty was executed upon a separate paper, it was a part of the same transaction, demanded by the payee and agreed to by the guarantor before the note was executed. The appellant was a guarantor of payment, and as such became liable on default of the principal without demand or notice. (Sec. 2807, Civ. Code.) It could have been sued separately or joined with the maker of the note at the option of respondent." It will be noted that the guaranty in this case was on the same written instrument which evidenced the obligation of the principal debtor.

But, regardless of the above considerations, it is clear that "since in the first instance the guarantor herein could have been sued alone for the entire debt, it is at least true that no prejudice has resulted" from the fact of joining him in the action as a defendant with the principal debtor. (*Titus* v. *Woods,* 45 Cal. App. 541, 547 [188 Pac. 68, 70].)

The judgment is affirmed.

Burnett, J., and Finch, P. J., concurred.