[Civ. No. 8429.   Second Appellate District, Division One.—November 21, 1934.]

CALIFORNIA  BANK  (a  Corporation),  Respondent,  v. WINNIE  V.  KENOYER,  Appellant.

Willis S. Mitchell for Appellant.

Swanwick, Donnelly & Proudfit and Donald O. Welton for Respondent.

SHINN, J., *pro tem.*—Plaintiff California Bank recovered judgment against defendant and appellant upon the following agreement: "Los Angeles, California, February 7th, 1931. CALIFORNIA BANK: IN CONSIDERATION of your forbearing to take any further action until February 25th, 1931 to realize upon the judgment heretofore entered in the case of California Bank vs. S. A. Kenoyer, which was entered on January 10th, 1931 in Judgment Book 657, Page 137 in the office of the County Clerk of Los Angeles County, California, the undersigned hereby guarantees payment to you on said February 25th, 1931 of the full amount unpaid on said judgment, the amount of said judgment as originally entered being NINE THOUSAND TWO HUNDRED THIRTY ONE and 86/100 DOLLARS ($9231.86), and the unpaid amount thereon as of this date being THREE THOUSAND THIRTY FIVE and 21/100 DOLLARS ($3035.21). Winnie V. Kenoyer."

The issues raised by defendant's answer, upon which trial was had and findings made adverse to the claims of defendant, were the following: that the agreement was an offer by defendant not accepted by plaintiff; that the agreement was without consideration and, that its execution by defendant was procured by threats of plaintiff to levy execution against defendant's separate property upon the judgment plaintiff held against defendant's husband. The same points are urged for reversal of the judgment.

The writing is a definite offer to pay the balance of the judgment upon condition that the judgment creditor forbear action for a specified period to enforce collection of the judgment. This offer was not revoked by defendant and it, therefore stood as a continuing offer between February 7 and February 26, 1931. It was not necessary that the offer be accepted in writing. The offer to pay was not conditional upon a promise to forbear, but upon actual forbearance for a stipulated time. The finding of the trial

court was that plaintiff took no action for the collection of the judgment between the seventh and twenty-sixth days of February, 1931, and duly performed all the conditions of said guaranty agreement on its part. The sufficiency of the evidence to support this finding is not questioned. ■ The creditor suffered the detriment of delaying proceedings for the enforcement of the judgment, which alone constituted a consideration for the promise. (Sec. 1605, Civ. Code.)

The offer of defendant and its acceptance and the performance of the conditions thereof by plaintiff constituted a valid and binding contract based upon a valuable consideration. (*R. H. Herron Co.* v. *Flack,* 46 Cal. App. 374 [189 Pac. 294].)

■ The court found that defendant did not sign the agreement under compulsion, force, fear, menace or threats and that it was not true that she was led to believe that she would suffer the loss of her separate property if she failed to sign the guaranty. The evidence supports this finding. The only alleged compulsion complained of was the alleged threat of the creditor to levy execution against the separate property of defendant, but inasmuch as the finding on this issue is adverse to defendant, it is unnecessary to pass upon the sufficiency of the facts pleaded as a defense to the action.

■ Appellant argues that the judgment against her is erroneous because the creditor already has a judgment against her husband for the same amount and is thus in a position to collect on each of the judgments. We see no merit in this contention inasmuch as the satisfaction of one judgment will extinguish the other. (*Anglo-California Trust Co.* v. *Oakland Railways,* 193 Cal. 451 [225 Pac. 452]; *Branch Securities Co.* v. *Daggs,* 63 Cal. App. 273 [218 Pac. 484].) The agreement was clearly one of guaranty, upon which suit could be brought without first exhausting legal remedies against the principal debtor.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.